256 So.2d 581 (1972)
STATE of Florida, Appellant,
v.
Willard Ammon STIEFEL, Appellee.
No. 71-310.
District Court of Appeal of Florida, Second District.
January 12, 1972.
*582 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Christopher C. Ford, of Duncan, Ford, Schubert & Tally, Tavares, for appellee.
McNULTY, Judge.
The state appeals from an order dismissing an information charging appellee with manslaughter in two counts. The first count charged manslaughter resulting from operating a motor vehicle while intoxicated[1] and the second count charged manslaughter by culpable negligence.[2] Both charges arose out of a single car accident in which appellee's passenger was killed when the car ran off the road.
Before the instant charges were brought appellee was charged with and convicted in the County Judge's Court for "Driving While Under The Influence Of Alcoholic Beverages" (DWI, hereinafter) arising out of the same episode. He pleads that conviction in bar herein and the court below dismissed the manslaughter charges on double jeopardy grounds and on the collateral estoppel aspect thereof, citing Waller v. *583 State[3] and Ashe v. Swenson.[4] We reverse.
Ordinarily, we might well be content to say that this case falls squarely within the Bacom cases[5] in which it was ultimately determined that a prior conviction of DWI is not a bar to a subsequent prosecution for manslaughter committed either by operating a motor vehicle while intoxicated or by culpable negligence. But double jeopardy in its various aspects has been raised in bar quite frequently of late, and we perceive a popular misunderstanding thereof since the expressions of the United States Supreme Court in Waller and Ashe, supra. It appears appropriate, therefore, that we indulge in a few observations on the subject in an effort to clarify perhaps that misunderstanding.
Preliminarily, and summarily, we dispose of Waller. The holding in that case has absolutely no applicability here. It was there said:[6]
"We decide only that the Florida courts were in error to the extent of holding that  `even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.'" [Footnote deleted]
The dual sovereignty question decided there does not arise in this case at all. As to Ashe, supra, we will touch upon that case momentarily.
Now, appellee's prime contention here is that he is amenable to only one prosecution because all the charges herein arose out of the same incident or transaction. To begin with, the "same transaction" test has simply not been generally accepted.[7] Proponents of that test[8] would have it that when one embarks on a single criminal escapade which continues throughout the perpetration of two or more crimes he is amenable to only one prosecution for the entire episode. While we might agree, in the interest of economy, expediency and caution, that all charges against an accused arising out of a single episode ought be tried in a single proceeding whenever practicable,[9] we nevertheless concur with the accepted view that the Fifth Amendment of the United States Constitution does not compel such a course under pain of double jeopardy sanctions.
The true paramount consideration in these cases was well stated in State v. Shaw:[10]
"To constitute double jeopardy, it is not enough that the second prosecution arises out of the same facts as the first, but the second prosecution must be for the same offense. (Citing cases)"
We can say, then, that the pivotal point herein is whether the DWI charge and the manslaughter charges constitute, or must be considered, the "same offense."
In resolving the point, we have sought in vain a universal formula. We have concluded, however, that no one test is conceptually sound or applicable in every *584 potential double jeopardy situation. The generally accepted and most widely used test, for example, was also articulated in Shaw, supra:[11]
"The test to be applied to determine whether two charges are separate and distinct and may be each prosecuted is whether one of the charges requires proof of an additional fact which the other does not. ...
* * * * * *
The offenses are not the same if, upon the trial of one, proof of an additional fact is required, which is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each. (Cases cited)"
But it will be seen that this test fails to take into account included offenses in which the addition or subtraction of elements or essential facts merely makes a charged crime a greater or lesser degree of the "same offense." So we are of the view that the resolution of the point involved in these matters rather requires a full analysis in each case of several factors relating to time, essential elements or facts and genre of offense.
Considering some of these factors as they are relevant here, we note first that at least as to the first count of the information, i.e., the intoxication count, the state of being under the influence of intoxicating beverages to the extent required in a DWI charge is, of course, included within intoxication; and if it were said that the facts and circumstances giving rise to the DWI charge upon which appellee was convicted in the prior trial could relate only to the time of the accident in which the victim was killed then, of course, we would have to agree that the DWI charge was "included" within the intoxication count of the manslaughter charge. But this hypothesis is simply not true here.
In the first place, the gravamen of a DWI charge is operating a motor vehicle while normal faculties are impaired because of the consumption of alcohol.[12]It is a continuing offense, being a completed one at every point along the route of travel; and as long as it continues unbroken one prosecution may be had therefor at any point regardless of whether an accident in fact ultimately results. So in law the DWI charged herein was not necessarily dependent upon the accident nor did the accident depend necessarily on DWI.
Likewise in fact. There is nothing in the record of the prior trial from which it can be said that the DWI charge only related to the accident itself to the exclusion of any period of time preceding and up to the point where it occurred. In this respect this case differs from one involving, say, the possession and sale of contraband in which the sole evidence of the possession charge is the contemporaneous circumstances of the sale. The former is thus absolutely dependent on the latter, in such case, and the two must be tried in one prosecution. But even so, the two offenses are separate, not one, and a conviction may be had on each (though only one sentence might be appropriate[13]). This is not such a case. Consequently, it cannot be said that any part of the manslaughter charges arising out of the accident was in fact tried as an essential part of the DWI charge.
The gist of manslaughter, on the other hand, is homicide, which must necessarily begin with and result from an assault. And while it ends on the death of the victim it never starts prior to the assault, although a wrongful intent or purpose may be pre-existent. Furthermore, unlike DWI, it is an instant offense. True it is, that in some instances the assault from which the death results may have been committed some considerable time *585 prior to the instant of death; but such fatal assault contemplates, by definition, an instant efficient means of producing that death even if the death comes later. Here, that point was reached somewhere within and as a result of the accident. This was the assault, and it must stand on its own feet irrespective and independently of the DWI charge which had theretofore already been completed. The accident began a new offense, and this is so notwithstanding that the essence of the DWI charge, chargeably completed as we have noted, may have continued on and become a relevant circumstance surrounding the new offense. Stated otherwise, even though the degree of insobriety of the accused was present in and relevant to each of the two offenses involved (as was indeed the driving of the motor vehicle involved), the overlapping of these relevant and even mutually essential facts and circumstances did not make the two offenses one when each was separately committed independently of the other.
Now, what we have just said may appear to be related mostly to double jeopardy as regards the first count of the manslaughter charge, i.e., the intoxication count. We emphasize, however, that under the circumstances of this case it relates equally to both counts of the manslaughter charge because, as we said, the DWI and alleged manslaughter here were separate and nonidentical offenses having been committed one before the other. In any case, while we hold that the prior conviction of DWI is not a bar on double jeopardy grounds to either count of the manslaughter charge, it is a fortiori not former jeopardy as to the culpable negligence count for the reason that, except for the act of driving, none of the elements of DWI are essentially relevant to the charged culpable negligence even though evidence of the former may be otherwise admissible as a corroborating circumstance in establishing the latter.[14]
The double jeopardy aspect of this case must be resolved against appellee's contentions herein.
Now a word relating to "collateral estoppel" as that theory is enunciated in, and made binding on the states by, Ashe v. Swenson.[15] Briefly, that case holds generally that when an issue of ultimate fact has once been adjudicated such issue cannot again be litigated between the same parties. Appellee contends, therefore, that under this theory the state is precluded from relitigating the issue of appellee's insobriety at the time of the accident involved herein.
This position is untenable. Even if it were true that the insobriety issue was indeed litigated in the prior DWI trial, and even if that trial related solely to the accident (which it didn't as we said), appellee misconstrues and misapplies the rationale of Ashe. There the controlling fact litigated in a prior prosecution was resolved in favor of the accused; thus, it was held, the prosecution was collaterally estopped from a second attempt to prove it. The doctrine cannot apply, however, when as here the issue has been resolved against the accused. This is so because if it were to be given any effect at all in such case the trial court in the subsequent prosecution could charge the jury, or consider as a matter of law, that such issue had been resolved as a true fact to the detriment of the accused. This would be impermissible, of course, under due process considerations which assure an accused a jury trial on all issues relating to each element of a given criminal charge. We say, then, that collateral estoppel is simply inapplicable here.[16]
In view of all the foregoing, therefore, the order of dismissal appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON, A.C.J., and MANN, J., concur.
NOTES
[1] § 860.01, F.S. 1969, F.S.A.
[2] § 782.07, F.S. 1969, F.S.A.
[3] (1970), 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435.
[4] (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469.
[5] See, Bacom v. Sullivan (5 Cir.1952), 200 F.2d 70; Bacom v. State (Fla. 1949), 39 So.2d 794; and State v. Bacom (1947), 159 Fla. 54, 30 So.2d 744.
[6] N. 3, supra, at p. 395, 90 S.Ct. at p. 1189.
[7] See, e.g., State v. Conrad (Fla.App. 1971), 243 So.2d 174 and authorities cited therein at 175-176. Cf., also, Waller v. State, n. 3, supra, and Ashe v. Swenson, n. 4, supra.
[8] See, e.g., the opinion of Justice Brennan, concurring specially, in Ashe v. Swenson, n. 4, supra, at 448 et seq., 90 S.Ct. 1189. The majority did not base their decision on the "same transaction" test but instead relied on collateral estoppel.
[9] See, also, Judge Wigginton's comments in Eagle v. State (Fla.App.), 249 So.2d 460, 465.
[10] (Fla.App. 1969), 219 So.2d 49, at p. 50.
[11] Id., at p. 51. See, also, Bacom v. Sullivan, n. 5, supra.
[12] See, § 317.201, F.S. 1969, F.S.A.
[13] See, e.g., Easton v. State (Fla.App. 1971), 250 So.2d 294 and Yost v. State (Fla.App. 1971), 243 So.2d 469.
[14] See, e.g., Smith v. State (Fla. 1953), 65 So.2d 303; Taylor v. State (Fla. 1950), 46 So.2d 725; and Day v. State (Fla.App. 1963), 154 So.2d 340.
[15] N. 4, supra.
[16] Cf., State v. Conrad, n. 7, supra.