347 So.2d 639 (1977)
Hillard Jerry LONDON, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1055.
District Court of Appeal of Florida, Fourth District.
May 20, 1977.
Richard L. Jorandby, Public Defender, Frank B. Kessler and Tatjana Ostapoff, Asst. Public Defenders, and Jerry Schwarz, Legal Intern, West Palm Beach, for appellant.
*640 Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant seeks review of his conviction for unlawfully bringing cannabis upon the grounds of a penal institution in violation of Section 944.47, Florida Statutes (1975). The issue is whether the defendant was placed in double jeopardy because of his previous conviction for possession of the same cannabis in violation of Section 893.13, Florida Statutes (1975).
In determining whether a plea of double jeopardy can be sustained the test is whether the second prosecution places the defendant twice in jeopardy for the same offense, and not whether he has been tried before upon the same acts, circumstances or situation, the facts of which may sustain a conviction for a separate offense. State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944). To constitute double jeopardy, it is not enough that the second prosecution arises out of the same facts as the first, but the second prosecution must also be for the same offense. State v. Shaw, 219 So.2d 49 (Fla.2d DCA 1969). However, when a defendant is placed in jeopardy for a lesser degree of an offense and is thereafter charged with a higher degree of the same offense, he has been placed in double jeopardy and the subsequent prosecution is barred. Southworth v. State, 98 Fla. 1184, 125 So. 345 (1929); State ex rel. Landis v. Lewis, 118 Fla. 910, 160 So. 485 (1935); Greene v. City of Gulfport, 103 So.2d 115 (Fla. 1958).
The defendant contends that possession of marijuana is a lesser included offense or lesser degree of the offense of bringing cannabis upon the grounds of a penal institution and therefore he had been placed in double jeopardy. We reject this contention and hold that each is a separate offense. Defendant's prior conviction under Section 893.13 does not bar a subsequent prosecution under Section 944.47 based upon the same facts. Compare, State v. Bowden, supra, State v. Shaw, supra, and State v. Stiefel, 256 So.2d 581 (Fla.2d DCA 1972), State v. Heisterman, 343 So.2d 1272 (Fla. 1977).
AFFIRMED.
DOWNEY and ALDERMAN, JJ., and GREEN, OLIVER L., Associate Judge, concur.