RYDER, Judge.
On July 28, 1976 the appellant was cited by the Winter Haven Police Department with driving while under the influence of alcoholic beverages and willful and wanton reckless driving.
Appellant was acquitted of both charges in the Municipal Court of Winter Haven on October 7, 1976.
Thereafter, appellant was charged in a two count information with manslaughter *1127 by culpable negligence in Count I, and in Count II with manslaughter due to intoxication.
A motion to dismiss the information was filed asserting the acquittal in the municipal court of the two charges for which he received citations and that if appellant were to be tried on the information it would constitute double jeopardy. The motion to dismiss was denied without a hearing.
The appellant sought a writ of prohibition from this court on the grounds of multiple jeopardy and this court denied the writ without prejudice to the appellant to plead collateral estoppel and to make the necessary evidentiary showing of facts previously adjudged in his favor.
The appellant filed an amended motion to dismiss the information, realleging the assertions in his prior motion as well as raising the doctrine of collateral estoppel and res judicata.
A hearing was held and appellant called Mr. Jerry Hill, an attorney who prosecuted the case in the Winter Haven Municipal Court. Mr. Hill testified there was no reporter at the non-jury trial. Mr. Hill further testified that the willful and wanton reckless driving charge arose out of an accident with no independent witnesses. The police investigation disclosed that the right front tire of the appellant’s vehicle went off the road and, when appellant’s vehicle came back onto the road, it veered to the other side of the road, striking another car, killing an occupant. The police investigation was unable to determine the appellant’s speed.
As to the driving while intoxicated charge, attorney Hill testified that the blood sample from appellant was not introduced into evidence inasmuch as the prosecution was unable to prove the chain of evidence.
A directed verdict of acquittal was then granted on both charges by the municipal court.
At the close of the hearing on the motion to dismiss, the circuit court granted the motion to dismiss Count II (manslaughter by intoxication), but denied the motion to dismiss Count I (manslaughter by culpable negligence) of the information.
Appellant then changed his plea to nolo contendere to Count I, reserving the right to appeal the denial of his amended motion to dismiss as to Count I. Adjudication of guilt was withheld and the appellant was placed on probation for five years.
It is from the order denying appellant’s amended motion to dismiss that this appeal reaches this court.
We reverse, remand and order that the sentence to probation be set aside.
The elements of the lesser charge of willful and wanton reckless driving[1] are inherently intertwined with those of the more serious charge of manslaughter (by vehicle) by culpable negligence.[2]
Culpable negligence which will sustain a manslaughter conviction means conduct of gross and flagrant character evincing a reckless disregard of human life or of safety of persons exposed to its dangerous effects, or means entire want of care which would raise a presumption of conscious indifference to consequences or which shows wantonness, recklessness, or grossly careless disregard of safety and welfare of the public or that reckless indifference which is equivalent to intentional violation of the rights of others. Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966), and cases cited therein.
The Winter Haven Municipal Court having found appellant not guilty of conduct less reprehensible than that required by the Getsie court and other appellate courts of Florida, then he may not be prosecuted in the same case requiring a higher standard of conduct and proof.
We are cognizant of the case of State v. Stiefel, 256 So.2d 581 (Fla. 2d DCA 1972), which held that a prior conviction of driving while intoxicated does not bar a subsequent *1128 prosecution for manslaughter by culpable negligence. However, it is our view that the circumstances of Stiefel are indeed the converse of the instant case, because Stiefel was found guilty of the charge involving the lesser degree of culpability. For this reason, as well as the numerous other reasons set forth in the thoughtful opinion in Stiefel, in that case there was no bar to the subsequent manslaughter prosecution. The crux of the instant case differs in that appellant herein was found not guilty of the charge involving the lesser degree of culpability, and thus we hold that he may not now be prosecuted on a charge of manslaughter by culpable negligence arising from the same facts.
Reversed and remanded with directions.
GRIMES, Acting C. J., and OTT, J., concur.

. § 316.029, Fla.Stat. (1975).

. § 782.07, Fla.Stat. (1975).