**Phillip Dennis HUMPHRIES, Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Director of the Division of Corrections of the State of Florida, Respondent-Appellant.**

No. 78-1071.

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1978.

---

Robert L. Shevin, Atty. Gen., Ira N. Loewy, Jeffrey Samer, Asst. Attys. Gen., of Fla., Miami, Fla., for respondent-appellant.

Theodore J. Sakowitz, Federal Public Defender, David K. Kelley, Asst. Fed. Public Defender, Miami, Fla., for petitioner-appellee.

Before BROWN, Chief Judge, GODBOLD and FAY, Circuit Judges.

FAY, Circuit Judge:

Appellee, Phillip Dennis Humphries, filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Florida arguing that a fifteen year sentence imposed by the Collier County Circuit Court in Florida violated his right against double jeopardy guaranteed by the Fifth and Fourteenth Amendments. Humphries argued that the government was collaterally estopped from prosecuting him on the charges of vehicular manslaughter by intoxication and vehicular manslaughter by culpable negligence since his prior prosecution for driving while intoxicated (DWI) had resulted in a nolle prosequi by the government after jeopardy had attached. Appellee further argued to the United States District Court that he had been denied due process of law as a result of ineffective representation by counsel on his direct appeal. The district court granted habeas relief on the charge of vehicular manslaughter while intoxicated and granted a new trial on the charge of vehicular manslaughter by culpable negligence holding that no evidence of intoxication could be presented at the new trial.

We affirm.

## I. FACTS

In an order signed July 29, 1977, Judge C. Clyde Atkins, United States District Judge, ordered that an evidentiary hearing be held for the purpose of determining why the prosecutor had dismissed the DWI charge. The hearing held in August, 1977 before United States Magistrate Peter R. Palermo, developed the facts as follows:

On June 23, 1974, appellee was charged with DWI under Fla.Stat. § 860.01(1).[1] On August 16, 1974, appellee was charged in a two count information with vehicular manslaughter by culpable negligence and vehicular manslaughter by intoxication, in violation of Fla.Stat. §§ 782.07[2] and 860.01(2).[3] The two offenses charged in the information of August 16, 1974 arose out of the same incident giving rise to the DWI misdemeanor charge.

The DWI charge was dismissed by the state after jeopardy had attached. At the time the government "nolle prossed" the case, the jury had been sworn, the state had presented all of its evidence, and had rested. The nolle prosequi by the government was the result of the Collier County judge's admonition to the assistant state attorney that unless the government "nolle prossed" the case, the trial judge would direct a verdict in favor of appellee or order the jury to return a verdict in favor of appellee.

On September 24, 1974, Humphries moved to dismiss Count II of the felony charge on the grounds that the felony prosecution, after a nolle prosequi by the government on the DWI charge, was barred by the collateral estoppel aspect of double jeopardy because the issue of intoxication had already been litigated. This motion was denied and subsequently a jury found Humphries guilty of both vehicular manslaughter by culpable negligence and vehicular manslaughter by intoxication. On January 15, 1975, the Collier Circuit Court denied appellee's motion for a new trial. On direct appeal Humphries raised issues unrelated to the subject of the instant petition and did not present the double jeopardy issue to the Second District Court of Appeals of Florida. Appellee's conviction was affirmed per curiam by the Second District Court of Appeals of Florida on October 29, 1975.

Humphries then filed a petition for writ of habeas corpus in the Second District Court of Appeals of Florida on the grounds of inadequate representation for failure of counsel to raise the double jeopardy issue and, when this was denied, unsuccessfully petitioned for certiorari review by the Florida Supreme Court. Thereafter, appellee filed his first petition for habeas relief in the federal district court which was dismissed for failure to exhaust state remedies. As a result of the federal district court's order, appellee again filed a petition for writ of habeas corpus in the Second District Court of Appeals of Florida. This petition was denied on December 15, 1976. Appellee then filed his second federal petition for a writ of habeas corpus having exhausted all available state remedies.

On December 1, 1977, the United States District Court granted relief to appellee.

---

1. Fla.Stat. § 860.01(1) (1973) provides as follows:

> (1) It is unlawful for any person, while in an intoxicated condition or under the influence of intoxicating liquor, model glue, as defined in § 877.11, or any substance controlled under chapter 893 to such extent as to deprive him of full possession of his normal faculties, to drive or operate over the highways, streets or thoroughfares of Florida any automobile, truck, motorcycle, or other vehicle. Any person convicted of a violation of this section shall be punished as provided in § 316.028.

2. Fla.Stat. § 782.07 (1973) reads:

> The killing of a human being by the act, procurement, or culpable negligence of an-

other, in cases where such killing shall not be justifiable or excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.

3. Fla.Stat. § 860.01(2) (1973) reads in relevant part:

> (2) . . . and if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter, and on conviction be punished as provided by existing law relating to manslaughter.

Judge Atkins agreed with the findings of United States Magistrate Palermo and ruled that the effect of the nolle prosequi of the misdemeanor trial was equivalent to an acquittal of those charges. The district court concluded that the doctrine of collateral estoppel barred the government from submitting proof of appellee's intoxication at the felony trial held subsequent to the DWI trial. The district court further stated that although the charge of vehicular manslaughter by intoxication could not be relitigated, the charge of vehicular manslaughter by culpable negligence could be retried but that no evidence of appellee's intoxication would be permitted at the new trial.

In light of the favorable ruling on the issue of collateral estoppel, the district court found it unnecessary to consider appellee's second ground for relief—ineffective assistance of appellate counsel.

Appellant, Louie L. Wainwright, Secretary of the Florida Department of Offender Rehabilitation, filed an appeal on December 27, 1977.

## II. THE COLLATERAL ESTOPPEL ASPECT OF DOUBLE JEOPARDY

The state contends that the collateral estoppel aspect of double jeopardy did not prohibit the trial of Humphries on the felony charges of manslaughter. We do not agree with this argument.

The United States Supreme Court in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) held that the principle of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. In civil litigation, where the doctrine of collateral estoppel first developed, this doctrine has meant simply that when an issue of fact has necessarily been determined by a valid and final judgment, the issue cannot be relitigated between the same parties in any future lawsuit. According to the Supreme Court in *Ashe*, col-

lateral estoppel had been an established rule of criminal law for at least fifty years before the *Ashe* decision. *Id.* at 443, 90 S.Ct. 1189. Referring to the collateral estoppel doctrine in criminal cases the Supreme Court said:

The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

397 U.S. at 444, 90 S.Ct. at 1194.

This Court in *Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir. 1977), *cert. denied*, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978) followed the test set forth in *Ashe* and evaluated the pleadings, charge, evidence and other relevant matters to determine whether the jury could have grounded its verdict upon an issue other than the one which defendant did not want the Court to consider. In *Hardwick* we held that since no fact findings favorable to defendant were necessarily a part of the first jury's verdict, because he was convicted on both counts of the original indictment, the state did not seek to deny him the benefit of a favorable verdict by retrying him on those counts.

In the case before us, appellant was tried on a DWI charge under Fla.Stat. § 860.01(1) and the case resulted in a nolle prosequi by the prosecution at the urging of the Collier County Circuit Judge. To acquit[4] on the DWI charge, the trial court

4. We agree with the finding of the district court that the nolle prosequi of the misdemeanor charge was equivalent to an acquittal. A motion for nolle prosequi after all the evidence has been presented to the jury may bar a second trial for the same offense. *See McNeal v. Hollowell*, 481 F.2d 1145 (5th Cir. 1973). Although it is not clear just why the prosecutor asked for

must have necessarily found either that appellant was not intoxicated or that he was not driving. Either way, reprosecution on a manslaughter charge under Fla.Stat. § 860.-01(2), which requires that the death of another person result from the operation of a motor vehicle while intoxicated, is barred by the collateral estoppel aspect of double jeopardy. The issues of whether appellant was intoxicated or whether he was driving were similar and material in both actions, the nolle prosequi resulted in an acquittal of one or both, and reprosecution under Fla.Stat. § 860.01(2) is thus barred. It appears that the district court found the issue of intoxication was resolved in appellee's favor since it dismissed the count charging manslaughter by intoxication and permitted a new trial on the issue of negligent manslaughter as long as evidence of intoxication is not brought out in the new trial. We agree that if the question of intoxication was resolved in appellee's favor, the issue of negligent manslaughter can only be relitigated if evidence of appellee's intoxication is not utilized.[5]

The Florida case of *State v. Stiefel*, 256 So.2d 581 (Fla. 2d DCA 1972), is not contrary to our decision in this case. In *Stiefel*, defendant was tried and convicted for DWI and was subsequently prosecuted for vehicular manslaughter by intoxication. The Florida district court determined that since DWI and vehicular manslaughter by intoxication are not the "same offense", conviction for the crime of DWI does not bar subsequent prosecution for manslaughter by intoxication. However, *Stiefel* is clearly distinguishable from the case before us since in this case Humphries was not convicted of DWI but rather was acquitted[6] of this charge.

## III. CONCLUSION

Although the public has an interest in seeing that a criminal prosecution proceed to a verdict, the accused also has an interest in having his trial completed by a particular tribunal and in not being twice placed in jeopardy. The issue of intoxication having been previously determined in Humphries' favor, relitigation of this issue in a subsequent prosecution for manslaughter is barred by the collateral estoppel aspect of double jeopardy set forth in *Ashe*.[7]

a nolle prosequi, it is clear that the judge urged the prosecutor to do so and that this was after the jury had been sworn and the state had called three witnesses who testified and were cross-examined. The district court felt that to allow a prosecutor to relitigate after having had a "dry run" would be to violate the double jeopardy clause of the Fifth and Fourteenth Amendments. Judge Atkins stated:

> [T]he danger exists that the prosecutor moved for the nolle prosequi for the simple reason that one of his witnesses surprisingly testified that he was not sure that it was the defendant who stumbled over him at the scene of the accident. If this is true, the crucial question then becomes whether evidence of the defendant's intoxication may be litigated in the subsequent manslaughter trial.

Order of Judge Atkins setting Evidentiary Hearing, July 29, 1977 at 9.

We agree with Judge Atkins that the effect of the nolle prosequi in this case was tantamount to an acquittal.

5. This Court in *Wingate v. Wainwright*, 464 F.2d 209 (5th Cir. 1972) stated:

> We do not perceive any meaningful difference in the quality of "jeopardy" to which a defendant is again subjected when the state attempts to prove his guilt by relitigating a

settled fact issue which depends upon whether the relitigated issue is one of "ultimate" fact or merely an "evidentiary" fact in the second prosecution. In both instances the state is attempting to prove the defendant guilty of an offense other than the one of which he was acquitted. In both instances the relitigated proof is offered to prove some element of the second offense. In both instances the defendant is forced to defend again against charges or factual allegations which he overcame in the earlier trial.

*Id.* at 213–14.

6. See note 4, *supra*.

7. Our decision in this case is consistent with the recent United States Supreme Court decisions in *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) and *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).

In *Scott*, defendant moved to dismiss the indictment due to prejudice resulting from pre-indictment delay. The trial judge granted defendant's motion to dismiss. The United States Supreme Court held that where a defendant himself seeks to have his trial terminated without submission to the trier of fact for a determination of guilt or innocence, an appeal by the government is not barred by double jeopardy.

Accordingly, we find the charge of manslaughter by intoxication was correctly dismissed by the United States District Court and we agree that a new trial is permissible on the charge of negligent manslaughter only if no evidence of intoxication is brought out at this new trial.

AFFIRMED.

In *Sanabria* petitioner had been charged in a one count indictment under 18 U.S.C. § 1955 which makes it illegal to participate in a single gambling business. Petitioner was charged with numbers betting and horsebetting. The trial judge granted a request for a motion to exclude evidence on the numbers betting holding that this was not forbidden under the relevant state statute and subsequently granted a request for a motion to acquit on the horsebetting charge due to insufficient evidence. The Supreme Court found that even if horsebetting and numbers betting had been pled in separate counts "petitioner was acquitted for insufficient proof of an element of the crime which both such counts would share—that he was 'connected with' the single gambling business" and thus this finding would bar any further prosecution for participation in that business. However, the Supreme Court further stated that since no determination was made that petitioner had not engaged in numbers betting, there would be no collateral estoppel bar to prosecution of petitioner for a different offense in which liability would depend upon proof of that fact.

We believe our decision today is in keeping with both *Scott* and *Sanabria* in that *Scott* is clearly distinguishable and *Sanabria* buttresses our holding.