397 So.2d 1145 (1981)
Clarence DEES, Appellant,
v.
STATE of Florida, Appellee.
No. 80-774.
District Court of Appeal of Florida, Second District.
February 4, 1981.
On Rehearing May 6, 1981.
Jack O. Johnson, Public Defender, Bartow, and Samuel Robert Mandelbaum, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Affirmed.
SCHEB, C.J., and HOBSON and BOARDMAN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
On February 27, 1980, Clarence Dees returned to the Hillsborough County detention facility after a day's work release. Before he was returned to his cell, one of the officers frisked him and found seventeen grams of marijuana hidden in his sock.
The state charged Dees with misdemeanor possession of marijuana, a violation of section 893.13, Florida Statutes (1979). After Dees pled guilty, the court adjudicated him guilty and sentenced him to sixty days in jail. The following day the state filed an information charging Dees with unlawfully introducing or possessing the same marijuana on the grounds of a county detention facility, a felony under section 951.22, Florida Statutes (1979).
Dees moved to dismiss the felony charge on the ground that prosecution for this second charge would constitute double jeopardy under the United States and Florida Constitutions. The trial court denied the motion, and Dees entered a plea of nolo contendere, reserving the right to appeal the denial of his motion.
We affirmed Dees' conviction on the felony charge without opinion on the authority of London v. State, 347 So.2d 639 (Fla. 4th DCA 1977). Dees v. State, No. 80-774 (Fla. 2d DCA Feb. 4, 1981). On reviewing Dees' motion for rehearing, we now think London may be incorrect and hold that Dees' subsequent prosecution for possessing or introducing contraband into a county detention facility constituted double jeopardy.
In Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), Brown was charged with "joyriding" in a motor vehicle. *1146 He pled guilty to this misdemeanor charge and was sentenced. Subsequently, a grand jury indicted Brown for theft of the same car for his act of driving it nine days after he had taken it for the joyride. He then pled guilty on the understanding that the trial court would consider his claim of double jeopardy on a motion to withdraw the plea. The court rejected Brown's motion, and he appealed. The Ohio Court of Appeals held that joyriding was a lesser-included offense of felony auto theft but affirmed Brown's two convictions on the ground that they resulted from two distinct illegal acts occurring nine days apart.
In reversing Brown's conviction for auto theft, the United States Supreme Court held that the double jeopardy clause of the fifth amendment to the United States Constitution was a bar to prosecution for the theft offense following the prosecution for the lesser-included offense of joyriding. The court stated that, "Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." Id. at 169, 97 S.Ct. at 2227, 53 L.Ed.2d at 196.
The case before us presents a stronger situation for applying double jeopardy principles than did Brown. Here, Dees' possession of the marijuana for which he was first convicted was contemporaneous with his introduction or possession of the same marijuana in the detention facility. In Brown, on the other hand, the two prosecutions were based on the defendant's separate acts committed nine days apart.
In London, on which we earlier relied, the Fourth District Court of Appeal concluded that London's prior conviction for possession of marijuana under section 893.13 did not bar his subsequent prosecution under section 944.47, Florida Statutes (1975), making the introduction of cannabis into a penal institution a felony. The court rejected London's contention that the former crime was a lesser-included offense of the latter and, therefore, that double jeopardy principles barred the second prosecution. Under the facts of London, possession may not have been a lesser-included offense of introduction. Here, however, Dees' possession of marijuana was a category four lesser-included offense of his simultaneous introduction or possession of the same marijuana into the county detention facility. See Brown v. State, 206 So.2d 377 (Fla. 1968).
Thus, we conclude that the bar against double jeopardy prevented Dees' prosecution for the greater crime of introducing or possessing marijuana in a county detention facility after his conviction of the lesser offense of possession of the same marijuana. Accordingly, we vacate Dees' conviction and sentence on the felony charge.
The time for applying for rehearing is limited to ten days.
SCHEB, C.J., and HOBSON and BOARDMAN, JJ., concur.