RYDER, Judge.
Joseph C. Parrish challenges his conviction and subsequent sentence for the crime of introducing contraband into a state facility in violation of section 944.47, Florida Statutes (1979). Parrish asserts that the trial judge erred in denying his motion to dismiss because the undisputed facts failed to establish a prima facie case that Parrish introduced the contraband into a correctional state institution.
The motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) revealed that on August 23,1981 corrections officer Douglas Bercume was engaged in a routine shakedown search of the D-l dormitory of the Zephyrhills Correctional Institution. As part of the shakedown, Bercume was searching the cell occupied by Parrish. While engaged in the search of Parrish’s cell, it appeared to Officer Bercume that appellant was attempting to leave the immediate area and go towards the bathroom. Officer Bercume stationed himself between the bathroom and Parrish and ordered appellant to submit to a strip search. After Parrish removed his shorts, Bercume noticed a lump in the shorts as they lay on the floor. Upon further inspection, Bercume discovered that there was a pouch sewn into the inside of the shorts which contained a cigarette package which, in turn, contained a quantity of marijuana. Parrish was arrested and charged with the aforementioned crime.
At the hearing on appellant’s (c)(4) motion to dismiss, the state only orally traversed the motion and maintained, in essence, that because Parrish had possession of marijuana it necessarily followed that he, in fact, introduced the substance into the facility. There was absolutely no evidence adduced before or presented to the trial judge in support of this argument.
The trial judge denied the motion to dismiss and ruled that the factual circumstances, in short, mere possession of the marijuana, fell within the purview of the acts prohibited in the 1979 version of section 944.47. We disagree. The then section 944.47(l)(a) read in part:
It is unlawful to introduce into or upon the grounds of any correctional or penal institution..., or to take or attempt to take or send therefrom, any of the following articles ... to wit: .... 4. Any narcotic or hypnotic or excitative drug.... (emphasis added)
We hold that mere possession of marijuana without more evidence of introduction was not within the purview of this particular 1979 statute. In fact, the Florida State Legislature recognized that fact and amended the statute in 1981 to add a section encompassing mere possession of contraband as a prohibited act which would cover the factual situation involving Mr. Parrish here.[1] The amendment, however, did not become law until October 1,1981, a little over a month subsequent to the occurrences surrounding Mr. Parrish sub judice.
We are aware of Dees v. State, 397 So.2d 1145 (Fla. 2d DCA 1981) and London v. State, 347 So.2d 639 (Fla. 4th DCA 1977). Although helpful, neither case is actually on point. Further, we do not believe our decision is in conflict with either, as in both cases there was evidence that the contraband found on each defendant was discovered during a search of the particular defendant immediately upon his return to the facility from activities outside the institution.
*619 Finding that the mere possession of marijuana does not satisfy the state’s burden of proving even a prima facie case that violated the 1979 version of section 944.47 and finding, as well, no other evidence that Parrish introduced the contraband into a correctional state institution, we hold that the trial judge erred in denying appellant’s motion to dismiss. Accordingly, we REVERSE the order denying the motion to dismiss and set aside the judgment and sentence entered herein.
GRIMES, A.C.J. and NELSON, WILLIAM J., Associate Judge, concur.

. 944.47(l)(c), Florida Statutes (1981).