452 So.2d 1137 (1984)
STATE of Florida, Appellant,
v.
Wesley Keith CARTER, Appellee.
No. 82-1439.
District Court of Appeal of Florida, Fifth District.
July 19, 1984.
*1138 Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellant.
Walter H. Tedford, Jr., DeLand, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
The state appeals from an order dismissing a count in an information filed against Wesley Carter.
On September 18, 1981, Carter, while operating his automobile, was involved in an accident which resulted in the death of Iris McDaniel Parish. He was ticketed at the scene (citation # 971-592Z) for driving under the influence of alcoholic beverages and for unlawful blood alcohol level, both in violation of section 316.193, Florida Statutes.
Carter attacked the sufficiency of citation # 971-592Z pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The state did not file a traverse to this motion to dismiss and on January 5, 1982, the county court entered an order dismissing the citation.
The state then filed an information against Carter, charging him with driving under the influence. On February 15, 1982, just before jury selection, the state nol prossed the charge. That same afternoon, the DUI charge was refiled against Carter, only to be nol prossed again on April 7, 1982.
On April 12, 1982, a two-count information was filed charging Carter in count I with driving while intoxicated resulting in a death (DWI/Manslaughter) and in count II with vehicular homicide. Carter filed a motion to dismiss count I on the grounds of prior acquittal and prejudicial delay. He later moved to dismiss count II.
An order of dismissal was entered on October 29, 1982, granting both motions and dismissing the two counts, though only *1139 the dismissal of count I (DWI/Manslaughter) is challenged here. In dismissing count I, the court agreed with Carter that the dismissal of citation # 971-592Z constituted a former acquittal on the DWI/Manslaughter charge since both charges involved the same criminal episode.
The crucial question here is whether the county court's dismissal of the DUI and UBAL charges contained in citation # 971-592Z, pursuant to Carter's "C-4" motion, barred the state from proceeding with count I of the instant information.[1]
Case law holds that after pre-trial dismissal on the merits pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the state is not barred from refiling an information except in limited circumstances. Refiling is permitted so long as it is not barred by: 1) double jeopardy, 2) by prior presentation of the identical issue by res judicata, 3) by a previous final order of dismissal with prejudice, or by 4) the statute of limitations.[2]See State v. Davis, 243 So.2d 587 (Fla. 1971); State v. Schafer, 376 So.2d 927 (Fla. 2d DCA 1979); State v. Gellis, 375 So.2d 885 (Fla. 3d DCA 1979). Clearly principles of double jeopardy would not bar such refiling since a pre-trial dismissal of a criminal case occurs before jeopardy attaches. Holloway v. State, 432 So.2d 649 (Fla. 1st DCA 1983); State v. Schafer.
As to the doctrine of res judicata, it applies only where, upon the refiling of the information, the trial court is confronted with the identical motion to dismiss together with the identical traverse or demurrer, or lack thereof, as the court was previously confronted with when it dismissed the first information. State v. Gellis. Then and only then is the court compelled to dismiss the second information on res judicata grounds as the identical issue has previously been litigated between the parties in the defendant's favor. Id.
Res judicata, however, applies only to a second suit between the same parties based on the same cause of action. Brown v. State, 397 So.2d 320, 322 (Fla. 2d DCA 1981). In this regard, it differs from collateral estoppel which does not require the same cause of action, but requires the same parties and issues. Id. Therefore, while res judicata would apply if Carter were charged with DUI or UBAL again (and he filed an identical motion to dismiss as his earlier one and the state failed to traverse), here Carter was recharged with DWI/Manslaughter. Therefore, the state is barred from proceeding with this charge, if at all, under principles of collateral estoppel.
In State v. McCord, 402 So.2d 1147 (Fla. 1981), the supreme court held that collateral estoppel against the state is applicable to pre-trial orders in criminal cases only if jeopardy attached in the first proceeding.[3] Here, Carter was never placed in jeopardy on the DUI and UBAL charges in county court and hence collateral estoppel does not bar the instant DWI/Manslaughter charge. See, e.g., State v. Jones, 425 So.2d 178 (Fla. 1st DCA 1983) (defendant not placed in jeopardy in probation *1140 revocation hearing and hence state not collaterally estopped from subsequently prosecuting defendant for aggravated battery, which charge was the basis for the revocation hearing which ended in defendant's favor).
McCray v. State, 350 So.2d 1126 (Fla. 2d DCA 1977) and Humphries v. Wainwright, 584 F.2d 702 (5th Cir.1978), are somewhat similar to this case except for the crucial fact that the earlier acquittals occurred after jeopardy had attached. We conclude that in the instant case, prosecution was not barred by principles of double jeopardy, res judicata, or collateral estoppel.
Carter also argues that prosecutorial misconduct is present here and that this bars the DWI/Manslaughter charge. See United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); United States v. Opager, 616 F.2d 231 (5th Cir.1980). The trial court made no finding of prosecutorial misconduct below. Furthermore, the mere fact that the state twice nol prossed DUI charges against Carter before the trials could begin is not of itself "egregious enough to warrant the serious sanction of prohibiting reprosecution." See United States v. Garza, 603 F.2d 578, 580 (5th Cir.1979).
The portion of the order below dismissing count I of the information (charging DWI/Manslaughter) is reversed.
REVERSED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] It is clear that the informations charging DUI, which were nol prossed by the state, were not acquittals and do not bar the instant charge under double jeopardy principles since jeopardy had not attached at the time the nol prosses were entered. See Bucolo v. Adkins, 424 U.S. 641, 96 S.Ct. 1086, 47 L.Ed.2d 301 (1976). In both instances, the nol prosses were entered by the state before jury selection ever began. See Rawlins v. Kelley, 322 So.2d 10 (Fla. 1975).
[2] No dismissal with prejudice or statute of limitations issues are raised here.
[3] McCord dealt with an order suppressing evidence in the county court which the circuit court believed was binding upon it in a related charge against the defendant. Specifically, the defendant's motion to suppress was granted in county court on misdemeanor charges of possession of narcotics and narcotic paraphernalia. These charges were then dismissed and the defendant was charged with felony possession of a concealed weapon and narcotics in circuit court. The circuit court suppressed the evidence under principles of collateral estoppel but the supreme court reversed, holding that since the defendant had never been placed in jeopardy in the county court, collateral estoppel did not apply.