462 So.2d 123 (1985)
Keith Evan TESSIER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1340.
District Court of Appeal of Florida, Second District.
January 18, 1985.
*124 James Marion Moorman, Public Defender, and Joel E. Grigsby, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We reverse defendant's conviction and sentence for possession of a controlled substance, a violation of section 893.13, Florida Statutes (1983). We affirm his conviction and sentence for introduction or possession of a controlled substance into or upon the grounds of a county detention facility, a violation of section 951.22, Florida Statutes (1983). We conclude that the trial court was incorrect in denying defendant's motion to either dismiss one count of the information which alleged both offenses or require the state to elect which was to be prosecuted.
The question here is whether the two offenses are separate offenses. If so, convictions for both offenses are not prohibited. The test is "[i]f each crime ... requires an element of proof that the other does not, then ... [t]hey are separate offenses." State v. Baker, 456 So.2d 419 (Fla. 1984). In this case, all elements of the simple possession offense under section 893.13 are contained within the elements of the introduction or possession of contraband offense under section 951.22. Section 951.22 proscribes the introduction or possession of contraband into a county detention facility and specifically includes "controlled substances" as being within the definition of contraband. Section 893.13 proscribes the unlawful possession of controlled substances. Thus, we conclude that these two offenses are not separate offenses. See Dees v. State, 397 So.2d 1145 (Fla. 2d DCA 1981).
Accordingly, the conviction and sentence under section 893.13 are vacated.
Affirmed in part, reversed in part and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and CAMPBELL and LEHAN, JJ., concur.