472 So.2d 1389 (1985)
James WILCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. BC-223.
District Court of Appeal of Florida, First District.
August 1, 1985.
Michael E. Allen, Public Defender; and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
*1390 WIGGINTON, Judge.
Wilcott, an inmate at the Marianna Community Correctional Center, was charged by information with unlawfully introducing or possessing upon the grounds of a correctional center contraband, in violation of section 944.47, Florida Statutes (1983). A jury found him guilty as charged, and a judgment was entered in accordance with that verdict. Wilcott now appeals the judgment and sentence, arguing that the trial court erred in failing to instruct the jury on misdemeanor possession of marijuana. We affirm.
Wilcott's position is that because the information charged introduction and possession in the alternative, and because the proof at trial revealed that he was found in possession of less than twenty grams of cannabis, he was entitled to a jury instruction on misdemeanor possession as a category two lesser included offense. To advance his position, Wilcott relies primarily on Dees v. State, 397 So.2d 1145 (Fla. 2d DCA 1981), holding that the inmate's possession of marijuana, for which he was convicted, was a category four (now category two) lesser included offense of his simultaneous introduction or possession of the same marijuana into the county detention facility, thereby barring prosecution for the latter crime on double jeopardy principles. See also Tessier v. State, 462 So.2d 123 (Fla. 2d DCA 1985) (reaffirming the Dees holding).
Apart from the fact that Dees involved a violation of section 951.22, Florida Statutes, dealing with introduction of contraband into a county jail, and we are here concerned with section 944.47, prohibiting that same introduction into a state prison, we disagree in principle with the Dees decision as far as it might apply to the instant case. Section 944.47 reads in relevant part:
(1)(a) Except through regular channels as authorized by the officer in charge of the correctional institution, it is unlawful to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send therefrom, any of the following articles which are hereby declared to be contraband for the purposes of this section, to wit:
* * * * * *
4. Any narcotic, hypnotic, or excitative drug or any drug of whatever kind or nature. including, but not limited to, a nasal inhalator of any variety, a sleeping pill, a barbiturate of any variety, and a controlled substance as defined in s. 893.02(3).
* * * * * *
(c) It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution. [Emphasis added].
In comparison, section 893.13(1)(f), Florida Statutes (1983), provides:
(f) If the offense is the possession or delivery without consideration of not more than 20 grams of cannabis, as defined in this chapter, that person shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 and s. 775.083 .. . [Emphasis added].
It is immediately apparent that the two statutes describe separate and distinct offenses. Consequently, neither statute provides a realistic jury alternative to the other.
To convict a defendant of misdemeanor possession under section 893.13(1)(f), it is essential that the prosecution produce evidence of cannabis, and of a quantitative amount of cannabis. The prosecution is not so burdened, however, in pursuing a conviction under section 944.47. As to the described offense of possession in 944.47(1)(c), the prosecution need only show that there was possession of contraband, by an inmate, or any person, upon the *1391 grounds of a state correctional institution. The contraband need not be shown to be cannabis, nor is it necessary to adduce evidence of amount. In its simplicity, section 944.47 clearly reveals the legislature's intent to prohibit the possession of any contraband by an inmate. To accept appellant's theory, especially herein where he stipulated to being an inmate, would allow the jury to wink at that intent. This we cannot allow. An information alleging possession of contraband by an inmate upon the grounds of a state correctional institution will result simply in a verdict of guilty or not guilty.
AFFIRMED.
BOOTH, C.J., and BARFIELD, J., concur.