WIGGINTGN, Judge.
Appellant appeals his convictions, after trial by jury, of possession of cocaine, in violation of section 893.13(l)(e), Florida Statutes, and possession of cocaine upon the grounds of a state correctional institution, in violation of section 944.47, Florida Statutes. We reverse appellant’s conviction under section 893.13(l)(e), Florida Statutes, and remand for a new trial on the remaining count.
In his first point on appeal, appellant challenged the trial court’s denial of his motion to discharge his public defender and allow him to represent himself. After consideration of the argument made on this point and after a thorough review of the record, we remanded this cause to the trial judge for the purpose of holding a hearing at which adequate inquiry was to be made of appellant’s desire to represent himself. Upon remand, the trial judge held a hearing and entered an order determining that appellant did voluntarily and intelligently elect to waive counsel and represent himself and concluded that appellant is capable of representing himself. Therefore, this cause is reversed and remanded for a new trial at which appellant shall be allowed to represent himself.
The remand for a new trial applies only to the charge of possession of cocaine upon the grounds of a state correctional institution, in violation of section 944.47. At the close of the evidence at appellant’s original trial, defense counsel moved for a judgment of acquittal on the possession of cocaine charge under section 944.47 on the ground that the evidence did not show that appellant had introduced contraband into or had attempted to take it from the grounds of the prison. The trial judge ruled that the charge under that statute would be limited to possession of cocaine upon the prison grounds. Counsel then moved to merge counts one and two into one count of possession of cocaine within the prison system since possession of cocaine is included within the elements of the offense of possession of cocaine within the prison.
The trial court erred in denying the motion to merge the counts and in effect dismissing the possession of cocaine charge under section 893.13(l)(e). Since the trial judge ruled that the charge under 944.-47(l)(c) would be limited to possession of cocaine in a prison, the charge under 893.-13(l)(e) is a necessarily lesser included offense of that charge. All elements of the simple possession offense under section 893.13 are contained within the elements of the possession of contraband offense within a prison under section 944.47(l)(c). Thus, the two offenses are not separate. To have charged and convicted appellant under both offenses amounted to a violation of his right against double jeopardy. Compare Tessier v. State, 462 So.2d 123 (Fla. 2d DCA 1985).
Appellant’s conviction under section 893.-13(l)(e) is reversed and this cause is remanded for a new trial on the charge filed pursuant to section 944.47(l)(c), in light of the order entered by the trial judge on remand on appellant’s right to represent himself.
BOOTH, C.J., and BARFIELD, J., concur.