SHARP, Judge.
Henry appeals from his convictions for possession of a controlled substance upon the grounds of a state correctional institution,[1] and possession of a controlled substance.[2] He received concurrent sentences for these offenses of eleven and five years.[3] He argues that under the facts of *486 this case he may not be convicted of both charges of possession on double jeopardy grounds. We agree.
The record establishes that Henry was a passenger on a tractor on the grounds of the Marion Correctional Institution. The driver of the tractor was another inmate who had been assigned clean-up duty. A correctional officer observed Henry jump off the tractor, pick up a milk carton, and get back onto the tractor. He became suspicious, stopped the tractor and discovered the milk carton contained marijuana.
Double jeopardy prohibits conviction for two offenses arising out of a single occurrence unless each offense is separate and distinct from the other.[4] Whether two offenses are separate and distinct turns on whether each offense contains an element that the other offense does not contain.[5]
Possession of contraband on the grounds of a state correctional institution occurs where any inmate or any person while on the grounds of a state correctional institution is
in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
§ 944.47(l)(c), Fla.Stat. (1985).
Possession occurs where any person is in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practive or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree.
§ 893.13(l)(e), Fla.Stat. (1985).
Both statutes require possession of a controlled substance, and section 944.-47(l)(c) requires that the possession occur on the grounds of a state correctional facility. However, section 893.13(l)(e) contains no requirement other than mere possession. The offenses are therefore not separate and distinct and conviction of both violates Henry’s double jeopardy rights.
Where conviction for two offenses violates double jeopardy principles, conviction of the less serious offense will be quashed.[6] We therefore quash the conviction under section 893.13(l)(e) and affirm the conviction under section 944.47(l)(c) since possession on the grounds of a state correctional institution is the more serious offense.
AFFIRMED IN PART; REVERSED IN PART.
UPCHURCH, C.J., concurs.
DAUKSCH, J., concurs specially with opinion.

. § 944.47(l)(c) & § 944.47(l)(a), Fla.Stat. (1985): Count I.

. § 893.13(l)(e), Fla.Stat. (1985): Count II.

. In Count I of the amended information, Henry was also charged with violation of section 944.-47(l)(a)4.: introduction of a controlled substance upon the grounds of a state correctional institution. However, there are no allegations of facts in the information to support the introduction charge; no evidence to support such charge appears in the record; and the verdict form indicates the jury found Henry guilty of possession on state institution’s grounds rather than taking it onto the grounds. Likewise, the scoresheet reveals Henry received no points for this offense. However, the judgment, through *486 an apparent clerical error, states that Henry was convicted of both "Introduction of Contraband 944.47(a)(4)” [sic] and possession, 944.47(l)(c). Therefore, we assume for purposes of this case Henry was neither charged with nor convicted of introduction of contraband (§ 944.-47(l)(a)(4), Fla.Stat. (1985)).

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. Rotenberry v. State, 468 So.2d 971 (Fla.1985); Baker v. State, 456 So.2d 419 (Fla.1984).

. State v. Pinder, 375 So.2d 836 (Fla.1979), receded from on other grounds, State v. Hegstrom, 401 So.2d 1343 (Fla.1981).