ERVIN, Judge.
Appellant argues that he cannot legally be convicted for possession of contraband by a prisoner in violation of Section 944.-47(l)(c), Florida Statutes, because the state failed to prove that he had possession of the contraband while on the grounds of a state correctional institution. Concluding that the above statute proscribes inmate possession of contraband, regardless of whether an inmate is in fact within a correctional facility, we affirm.
Section 944.47(l)(c) provides:
It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband except as authorized by the officer in charge of such correctional institution.
Appellant argues that as he was not on the grounds of a correctional institution at the time he was observed in possession of certain contraband (marijuana), he could not be considered in violation of the statute. We disagree. In our judgment the statute is plain on its face and forbids possession of contraband by an inmate anywhere, while disallowing possession by other persons only while on the grounds of a correctional institution.[1] We reach this determination because of the statutory placement of the word “or” between the phrase describing inmates and that describing persons on the grounds of state correctional institutions. “[T]he word ‘or’ is generally construed in the disjunctive when used in a statute or rule. The use of this particular disjunctive word in a statute or rule normally indicates that alternatives were intended.” Sparkman v. McClure, 498 So.2d 892, 895 (Fla.1986) (citations omitted). Thus, the statute alternatively applies to inmates in possession of contraband anywhere, “or” other persons while on the grounds of correctional institutions.
We are aware of several cases which interpret the statute as prohibiting possession of contraband by an inmate while on the grounds of a correctional institution. See Wilcott v. State, 472 So.2d 1389 (Fla. 1st DCA 1985), reversed on other grounds, 509 So.2d 261 (Fla.1987). See also Henry v. State, 492 So.2d 485 (Fla. 5th DCA 1986); Ruiz v. State, 488 So.2d 895 (Fla. 1st DCA 1986). The holdings in the above cases did not involve the precise issue raised in the case at bar: whether possession by an inmate must be upon the grounds of a penal institution. Wilcott addressed the question of whether someone charged with violation of 944.47(1)(c) was entitled to a jury instruction for the lesser offense of possession of cannabis; Henry, whether an inmate could be convicted of both possession of a controlled substance on the grounds of a state correctional institution, as well as possession of the controlled substance; Ruiz, whether one could be convicted of both possession of cocaine and possession of contraband by an inmate. We therefore consider the previous interpretations of the statute as mere dicta that do not control the legal issue now before us.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.

. Other statutes, of course, preclude possession of certain types of contraband by the population at large.