ALTENBERND, Judge.
The state appeals the dismissal of charges against Mr. Pollard for possession of contraband as an inmate. We reverse.
On November 25, 1988, Mr. Pollard was arrested in the parking lot of a lounge for possession of methadone, cocaine and drug paraphernalia. At the time of the arrest, Mr. Pollard was an inmate at the Bartow Community Correctional Center, but he was off the premises pursuant to his work release program. He was supposed to be at work and to return to the prison later that same day. Mr. Pollard was charged with two counts of possession of contraband as an inmate in violation of section 944.47, Florida Statutes (1987), as well as possession of methadone, cocaine and drug paraphernalia. He filed a motion to dismiss the two counts of possession of contraband as an inmate, and the trial court granted his motion on the grounds that the alleged possession did not occur at the correctional facility itself.
The First District has clearly held that section 944.47(l)(c) “alternatively applies to inmates in possession of contraband anywhere, ‘or’ other persons while on the grounds of correctional institutions.” Brooks v. State, 529 So.2d 313, 314 (Fla. 1st DCA 1988); § 944.47(1)(c), Fla.Stat. (1987). The circuit court declined to follow Brooks, even though it was obligated to do so in the absence of conflicting precedent from this district court or another district court. Chapman v. Pinellas County, 423 So.2d 578 (Fla. 2d DCA 1982). We agree with the First District’s analysis in Brooks and reverse the trial court’s order dismissing these charges. For the purposes of section 944.47, Florida Statutes (1987), it *1146 does not matter whether the inmate was on or off the premises while in possession of this type of illegal contraband. The statute is designed to prevent the introduction of illegal contraband into a prison facility, A prisoner in a work release program has a daily opportunity to introduce contraband into the prison, and the state has every reason to create additional criminal sanctions to discourage the exercise of that opportunity.
Reversed and remanded for further proceedings consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.