GOSHORN, Chief Judge.
The issue in this case concerns the constitutional prohibition against successive prosecution and punishment for the same offense.[1]
Rondell L. Shivers was arrested on January 25, 1991 for trespass after warning.[2] When he was brought to the correctional facility for processing, the booking officer found marijuana in Shivers’s shoe. Shivers was promptly arrested for possession of cannabis.[3]
On February 14, 1991, the State charged Shivers by a two-count information filed in the circuit court with the felony crime of introduction or possession of contraband in a county detention facility[4] and the lesser included misdemeanor crime of possession of cannabis. The following day, Shivers entered not guilty pleas to both counts of the information. On April 2, 1991, Shivers appeared in the county court, pled guilty to *319 the original arrest charges of trespass after warning and possession of cannabis, and was sentenced to 6 months’ incarceration on each count, with each sentence to run concurrently.
On June 19, 1991, Shivers filed a motion to dismiss the circuit court charges alleging he had previously been placed in jeopardy when he pled and was sentenced in the county court. The State conceded that all of the cannabis charges arose from the January 25th arrest and involved the same quantity of marijuana. The circuit judge dismissed the misdemeanor possession charge, but when he refused to dismiss the felony contraband charge, Shivers entered a no contest plea and reserved his right to appeal. The circuit judge sentenced Shivers to 146 days in the Orange County jail.
Florida case law is well settled that possession of less than 20 grams of cannabis is a category four lesser included offense of introduction of the same cannabis into a county detention facility. Cooper v. State, 512 So.2d 1071 (Fla. 1st DCA 1987); Tessier v. State, 462 So.2d 123 (Fla. 2d DCA 1985); Dees v. State, 397 So.2d 1145 (Fla. 2d DCA 1981). Furthermore, both federal and state case law provide that prosecution and conviction of a lesser included offense bars a successive prosecution of the greater offense. Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); Dees, 397 So.2d at 1146. Accordingly, we reverse Shivers’s conviction and vacate his sentence on the felony contraband charge.[5]
Conviction REVERSED; sentence VACATED.
COBB and GRIFFIN, JJ., concur.

. U.S. Const, amend. V.; Art. I, § 9, Fla. Const.

. § 810.09, Fla.Stat. (1989).

. § 893.13(l)(f), Fla.Stat. (1989).

. § 951.22, Fla.Stat. (1989).

. A more interesting question, but one not preserved for appeal, is whether the State can meet its burden to prove that Shivers had the general intent to introduce contraband into a county detention facility when Shivers was involuntarily taken to the facility as a result of his arrest for trespass. See State v. Oxx, 417 So.2d 287 (Fla. 5th DCA 1982).