SORONDO, J.
(concurring).
I agree with the majority opinion that on remand, it is appropriate to allow the state, whose traverse was legally sufficient at the time it was filed, to amend the same to include the additional facts it failed to *1231 include based on this Court’s previous holding in State v. Blanco, 432 So.2d 633 (Fla. 3d DCA 1983). I write separately only to observe that even if this Court were to reverse without such a provision, the state would still be at liberty to refile the charges, if, as it claims, the additional evidence is such as would clearly establish the legal sufficiency of its charges, and the statute of limitations has not expired.[1] See State v. Carter, 452 So.2d 1137 (Fla. 5th DCA 1984); State v. Gellis, 375 So.2d 885, 886 (Fla. 3d DCA 1979); Camp v. State, 293 So.2d 114 (Fla. 4th DCA 1974).

. By my count, the statute of limitations in this case will not expire until November of this year.