PER CURIAM.
Defendant, charged with attempted first-degree murder, was found guilty of attempted second-degree murder. He claims that the trial court committed reversible error by declining to instruct the jury on the crime of attempted third-degree murder. We agree.
It is now well-settled that the crime of attempted third-degree murder exists in Florida. See State v. Overfelt, 457 So.2d 1385 (Fla.1984); Gentry v. State, 437 So.2d 1097 (Fla.1983). It is equally well-settled that “the failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible.” State v. Abreau, 363 So.2d 1063 (Fla.1978). Thus, the trial court’s refusal to instruct on attempted third-degree murder, the next immediate lesser-included offense to the crime of attempted second-degree murder, requires reversal of defendant’s conviction and sentence for the crime of attempted second-degree murder.
REVERSED and REMANDED for NEW TRIAL.
LETTS, HURLEY and DELL, JJ., concur.