464 So.2d 689 (1985)
Warren Gregory FARROW, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-1127.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Farrow appeals from his sentence imposed under the Sentencing Guidelines, Fla. *690 R.Crim.P. 3.701, for the crime of escape. § 944.40, Fla. Stat. (1983). He argues the trial court erred in failing to use a single scoresheet for all the offenses for which Farrow was then being sentenced, rather than separate ones for each offense. Fla. R.Crim.P. 3.701(d)(1). This appears to us to be harmless error since, in this case, the sentences received by appellant were within the correct presumptive sentence range had only one scoresheet been used. In any event, Farrow's counsel agreed to this sentencing procedure.
At the sentencing hearing, the trial judge stated that he wished to make the escape sentence run concurrently with the North Carolina sentences appellant was currently serving if he had the discretion to do so.[1] However, the court did not specify in its written judgment whether the sentence was to run concurrently or consecutively. Appellant argues that the trial judge should have imposed a concurrent sentence.
We think the trial court was correct in imposing a consecutive sentence.[2] Section 944.40, provides, in pertinent part, "the punishment of imprisonment imposed under this section shall run consecutively to any former sentence imposed upon any prisoner." Construing a prior statute containing similar wording, the Florida Supreme Court ruled:
We construe the quoted provision to mean that any sentence for escape must run consecutively to any other sentence or sentences to which the offender is subject at the time of the escape. The obvious intent of the Legislature was to prescribe a penalty which would be added to all penalties previously imposed as a deterrent to a prisoner inclined to break jail.[3]
Tirko v. Wainwright, 178 So.2d 697, 698 (Fla. 1965); see also White v. State, 240 So.2d 150 (Fla. 1970).
This statute controls over any apparent conflict with section 921.16, Florida Statutes (1983). That statute provides, in part, "a county court or circuit court of this state may direct that the sentence imposed by such court be served concurrently with the sentence imposed by a court of another state or of the United States." The latter is a general sentencing statute which does not deal with the crime of escape specifically. A well-settled rule of statutory construction is that "a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms." Adams v. Culver, 111 So.2d 665, 667 (Fla. 1959); Pedroso v. State, 450 So.2d 902 (Fla. 3d DCA 1984). Therefore, the judgment and sentence appealed from are
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Farrow was serving fifty years in North Carolina for two burglaries, and was extradited to Florida to stand trial on charges of burglary and sexual battery. He escaped from an airplane in which he was being transported when it touched down in Seminole County.
[2] Section 921.16(1), Florida Statutes (1983), provides, in pertinent part, "sentences of imprisonment for offenses not charged in the same ... information ... shall be served consecutively unless the court directs that two or more sentences be served concurrently."
[3] The former statute read that the punishment of imprisonment "shall be in addition to any former sentence imposed upon any prisoner convicted hereunder."