MILLS, Judge.
Gray appeals from convictions on four separate charges of forging and uttering. We affirm.
In February and March of 1982, four informations were filed against Gray, each charging forgery and uttering of a separate check; one information charged uttering only. Gray pled “not guilty” to all charges and steadfastly insisted on representing himself despite repeated offers of counsel at every phase of the proceedings. The cases were consolidated for trial in June 1982 on motion by the State. Gray did not object.
The State called numerous witnesses at trial, all of whom testified with no objection nor cross examination by Gray. With the assistance of the court, Gray moved for judgment of acquittal at the close of the State’s case. The motion was denied, the court finding that sufficient evidence had been presented which, if believed and permissible inferences drawn therefrom, could support a guilty verdict. Gray then testified on his own behalf, denying the crimes. The jury found him guilty of all charges.
Gray’s appointed appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could make no bona fide argument on Gray’s behalf. In his pro se brief, Gray argues first that the trial court erred in granting the State’s motion to consolidate the cases for trial and further that it was error to deny his motion for judgment of acquittal.
With regard to the consolidation issue, so far as the record shows, Gray made no objection to the State’s motion. Thus, the issue is not properly preserved for review. Notwithstanding this failure to object, Gray has not demonstrated that he was prejudiced 'by the consolidation. He merely alleges generally that “strong” evidence against him on some of the charges improperly influenced the jury to find him guilty of the others as well, despite “weaker” evidence. The evidence and charges to which he refers are unspecified. This is *423 not a sufficient showing that prejudice resulted from the alleged error to require a new trial.
In reviewing a trial court’s denial of a motion for judgment of acquittal, the test for determining the sufficiency of proof is whether the jury might reasonably conclude that the evidence, viewed in the light most favorable to the government is inconsistent with every reasonable hypothesis of the defendant’s innocence, or, stated another way, whether a reasonable minded jury must necessarily entertain a reasonable doubt of the accused’s guilt. Brown v. State, 424 So.2d 950, 952 (Fla. 1st DCA 1983). A thorough review of the evidence presented at trial convinces us that this jury could reasonably conclude that the evidence was inconsistent with every reasonable hypothesis of Gray’s innocence and that the trial court did not err in denying his motion for acquittal.
AFFIRMED.
BOOTH, C.J., and JOANOS, J., concur.