BOOTH, Chief Judge.
This cause is before us on appeal from a judgment of conviction and sentence entered in the Circuit Court of Clay County. The issue presented is whether the trial court erred in interpreting Section 944.40, Florida Statutes (1983), to require the imposition of a consecutive sentence for escape when the defendant was in prison awaiting sentencing on a prior conviction.
The defendant had been convicted of possession of a firearm by a convicted felon and was in jail waiting to be sentenced. While in transport from the jail to the courthouse to be sentenced, the defendant escaped. The defendant was apprehended, and an information was filed charging him with escape, in violation of Section 944.40, Florida Statutes (1983). The defendant appeared before the circuit court and pleaded guilty to the escape charge. A sentence on the escape charge was imposed to run consecutively with the sentence imposed minutes before on the unlawful possession of a firearm charge. The defendant argues on appeal that a consecutive sentence is not required when the escapee is not under a sentence at the time of the escape. We disagree and affirm the sentence.
Section 944.40, Florida Statutes (1983), provides, in pertinent part, that “[t]he punishment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.” The Florida Supreme Court interpreted this statute,[1] in Tirko v. Wainwright, 178 So.2d 697, 698 (Fla.1965), as follows:
We construe the quoted provision [Section 944.40] to mean that any sentence for escape must run consecutively to any other sentence or sentences to which the offender is subject at the time of the escape. The obvious intent of the Legislature was to prescribe a penalty which would be added to all penalties previously imposed as a deterrent to a prisoner inclined to break jail, [emphasis added]
See also Farrow v. State, 464 So.2d 689 (Fla. 5th DCA 1985).
The obvious intent of the statute is to provide a deterrent to jailbreak. Any differentiation between escapes before and after sentence works to vitiate the legislative intent and must be avoided.
Accordingly, the trial court’s interpretation of Section 944.40, Florida Statutes, is approved and the sentence affirmed.
SMITH and WENTWORTH, JJ., concur.

. The provision construed by the Supreme Court contained slightly different language, as quoted below:
The punishment of imprisonment imposed under this section shall be in addition to any former sentence imposed upon any prisoner convicted hereunder.