493 So.2d 1111 (1986)
David L. PENDLETON, Appellant,
v.
STATE of Florida, Appellee.
No. BG-78.
District Court of Appeal of Florida, First District.
September 12, 1986.
*1112 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from the judgment and sentence entered against appellant after a jury trial for first-degree murder. David Pendelton was convicted of the lesser included offense of aggravated battery and grand theft, and was sentenced to serve 15 years in state prison. He appeals his conviction, contending the trial court erred in denying his motions for judgment of acquittal because the circumstantial evidence did not rebut the defense's version of the facts and, therefore, did not make out a prima facie case to be presented to a jury. He also appeals his sentence, citing error in the trial court's departure from the sentencing guidelines without clear and convincing reasons. We affirm his conviction but reverse his sentence.
The State proved in its case-in-chief that: the victim died as a result of a gunshot wound to the brain; the gun was fired twice at close range, possibly during a struggle; the gun was owned by the victim, who had been seen using the gun in the past, and was kept in the locked glove compartment of his van; the appellant pawned the gun in California, where he had driven the victim's van, en route picking up a hitchhiker in Baton Rouge shortly after the victim was last seen; the appellant attempted to sell the van in California; and the appellant's fingerprints were found on beer bottles at the scene of the crime.
Appellant argues that it was error to allow this case to go to the jury, as there was insufficient evidence making out a prima facie case of aggravated battery. More specifically, appellant argues, where a case is based entirely on circumstantial evidence, a conviction may not be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. Appellant suggests that the evidence is not inconsistent with a hypothesis of self-defense, as the State's case-in-chief includes testimony from the medical examiner, elicited on cross-examination, that the gun may have been discharged during a struggle. The State argues that the question of whether the evidence is inconsistent with all reasonable hypotheses of innocence is for the jury to determine, not the judge. We agree with that argument as applied to these facts. See Heiney v. State, 447 So.2d 210 (Fla. 1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1985); Toole v. State, 472 So.2d 1174 (Fla. 1985); Lincoln v. State, 459 So.2d 1030 (Fla. 1984). We note this court's recent decision in Fowler v. State, 492 So.2d 1344 (Fla. 1st DCA 1986), that a circumstantial evidence case should not be submitted to the jury unless the record contains evidence which is susceptible of only one inference and this inference is clearly inconsistent with the defendant's theory of innocence. We find that the State's case-in-chief provides sufficient evidence which, if believed, is susceptible of only one inference, that of guilt. Thus, it is the jury's duty to determine what evidence is credible and whether the circumstantial evidence is sufficient to exclude every reasonable hypothesis of innocence. Heiney, supra. It is this court's duty, in reviewing the trial court's denial of a motion for judgment of acquittal, to determine whether the jury might reasonably conclude that the evidence, viewed in a light most favorable to the government, is inconsistent with every reasonable hypothesis of innocence. See Warren v. State, 475 So.2d 1027, 1030 (Fla. 1st DCA 1985), and Gray v. State, 474 So.2d 422, 423 (Fla. 1st DCA 1985).
The record in this case contains evidence that the victim was shot in the head *1113 with his own gun at close range, possibly during a struggle and possibly not. The defense hypothesizes that the gun was discharged in self-defense. This theory must be believed unless the State provides evidence showing the version to be false.[1] The State provided testimony indicating that the gun barrel interior was splattered with blood, indicating that the gun could have been held to the victim's head when fired. It was also proven that two bullet wounds were inflicted, one to the jaw and one above the left ear. Thus, the State made a prima facie case of aggravated battery,[2] and it was for the jury to determine whether these facts exclude the defendant's reasonable hypothesis of innocence, namely, self-defense. We find no error in the trial court's denial of defendant's first motion for judgment of acquittal.
As to the defendant's motion for judgment of acquittal raised after he testified, the same legal analysis applies, and we find competent, substantial evidence supporting a jury conclusion that the defendant's theory of self-defense is excluded by the evidence. Accordingly, we affirm the trial court's denial of the motions.
However, in sentencing the defendant to 15 years of imprisonment on the aggravated battery conviction, to be followed by five years of probation on the grand theft conviction, the trial court departed from the guidelines' recommended sentencing range of two and one-half to three and one-half years of imprisonment. The trial court provided seven written reasons for departure, which this court is required to review. None of the reasons given meets the clear and convincing standard, and we must therefore remand for resentencing.
The first reason for departure, the court's dissatisfaction with the jury's "illogical" verdict and the court's conviction that the defendant was actually guilty of second-degree murder with a firearm, even though he was convicted of aggravated battery, is improper according the proscription of Rule 3.701(d)(11), Florida Rules of Criminal Procedure, against factors relating to the offense for which convictions were not obtained. Scurry v. State, 489 So.2d 25 (Fla. 1986). The defendant's additional conviction of grand theft was improperly considered, as it had already been calculated into the scoresheet tally. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Burch v. State, 462 So.2d 548 (Fla. 1st DCA 1985). Reasons listed numbers three, five, and six, alluding to criminal episodes in Wisconsin and California for which no convictions have been obtained, are prohibited by Rule 3.701(d)(11), Florida Rules of Criminal Procedure. Scurry, supra, and Santiago v. State, 478 So.2d 47 (Fla. 1985).
Finally, the defendant's lack of remorse, State v. Mischler, 488 So.2d 523 (Fla. 1986), and Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985), and the fact that "the defendant was finally apprehended in Illinois and returned to Florida for trial" are not permissible grounds.
Affirmed in part, reversed in part, and remanded.
BOOTH, C.J., and SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] In McArthur v. State, 351 So.2d 972, 976 (Fla. 1977), the Florida Supreme Court cited the long-established principle of law that in a circumstantial evidence case, "the version of events related by the defense must be believed if the circumstances do not show that version to be false."
[2] The defendant was convicted of the lesser included crime of aggravated battery, the elements of which are provided as follows:

784.045 Aggravated battery. 
(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.