509 So.2d 261 (1987)
James WILCOTT, Petitioner,
v.
STATE of Florida, Respondent.
No. 67473.
Supreme Court of Florida.
May 21, 1987.
Michael E. Allen, Public Defender, Second Judicial Circuit, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Chief Justice.
We have for review Wilcott v. State, 472 So.2d 1389 (Fla. 1st DCA 1985), which expressly and directly conflicts with State v. Wimberly, 498 So.2d 929 (Fla. 1986). This Court has jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The issue is whether a prisoner-defendant is entitled to a jury instruction on simple possession of less than twenty grams of cannabis, pursuant to section 893.13(1)(f), Florida Statutes (1983), when charged with introducing contraband into or possessing contraband in a state penal institution if the only evidence of that possession occurred in the prison. We answer this question in the affirmative and quash the opinion of the district court.
Wilcott, an inmate at the Marianna Community Correctional Center, participated in an outside work program. On July 20, 1984, while checking inventory at his work-place, Wilcott apparently discovered a small bag containing approximately 2.3 grams of cannabis. According to Wilcott's testimony, he stuck the bag down his pants with the intention of later hiding the narcotic somewhere at the worksite where he could use the drug at a future date. Before he could do so, however, an officer from the Marianna center came to pick him up and return him to the correction facility. Upon his return to the center, the officer searched Wilcott and found the cannabis in his underwear. The state subsequently charged Wilcott by information with unlawfully introducing or possessing contraband upon the grounds of a state correctional institution in violation of subsections 944.47(1)(a) and (c), Florida Statutes (1983). During the charge conference, Wilcott's counsel requested a jury instruction on possession of less than twenty grams of cannabis *262 as a lesser included offense. The trial court denied the request and the jury subsequently found Wilcott guilty as charged.
On appeal Wilcott argued that the trial court committed error by denying the requested instruction. Wilcott pointed to two Second District Court of Appeal decisions that found possession of marijuana, a violation of section 893.13, Florida Statutes (1983), to be a lesser included offense of the simultaneous introduction or possession of the same marijuana into a county detention facility. See Tessier v. State, 462 So.2d 123 (Fla. 2d DCA 1985); Dees v. State, 397 So.2d 1145 (Fla. 2d DCA 1981). The district court rejected this argument, however, ruling that sections 893.13 and 944.47 described separate and distinct offenses. The district court affirmed the conviction.
Section 944.47, Florida Statutes (1983), provides in pertinent part:
(1)(a) Except through regular channels as authorized by the officer in charge of the correctional institution, it is unlawful to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send therefrom, any of the following articles which are hereby declared to be contraband for the purposes of this section, to wit:
.....
4. Any narcotic, hypnotic, or excitative drug or any drug of whatever kind or nature including, but not limited to, ... a controlled substance as defined in s. 893.02(3).
.....
(c) It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
Section 893.02(3), Florida Statutes (1983), lists cannabis as a controlled substance. We find the outcome of this case to be controlled by our recent decision in Wimberly. In Wimberly this Court reaffirmed the viability of the category of lesser included offenses which may or may not be included in the charged offense. 498 So.2d at 930-31. These permissive lesser included offenses must be instructed upon when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged.[*] As we stated in Wimberly, "`[w]hether a charge of the lesser crimes under category 2 is necessary will require the trial judge to analyze the information or indictment and the proof to determine if elements of category 2 crimes may have been alleged and proved.'" Id. at 931 (quoting Fla.Std. Jury Instr. (Crim.) Notes (2d ed.)). Thus, we must examine the particular circumstances in the case at bar to determine whether the lesser included offense Wilcott argues should have been instructed upon was actually a permissive lesser included offense.
Section 944.47, Florida Statutes (1983), prohibits both the introduction and possession of contraband upon the grounds of a state correctional facility. Cannabis is contraband under section 893.02(3), Florida Statutes (1983). The information charged introduction or possession in the alternative. The evidence shows, and the state acknowledges, that the amount of cannabis involved was less than twenty grams. Thus, misdemeanor possession of less than twenty grams of cannabis under section 893.13(1)(f), Florida Statutes (1983), is, based on the pleadings and the evidence, a lesser included offense of the charged offense. Because it is also the next-lower lesser included offense of the crime of which Wilcott was convicted, the failure to instruct as to that offense constituted reversible error. State v. Bruns, 429 So.2d 307 (Fla. 1983); Reddick v. State, 394 So.2d 417 (Fla. 1981); Williams v. State, 462 So.2d 577 *263 (Fla. 4th DCA), review denied, 472 So.2d 1182 (Fla. 1985).
Accordingly, we quash the decision of the district court and remand for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, EHRLICH and BARKETT, JJ., and ADKINS, J. (Ret.), concur.
SHAW, J., dissents with an opinion.
SHAW, Justice, dissenting.
The majority's reliance on the accusatory pleadings and the evidence at trial to determine whether an offense is a lesser included offense of another is directly contrary to section 775.021(4), Florida Statutes (1983), and to our case law holding that it is only the statutory elements which determine whether offenses are separate or lesser included. Scott v. State, 453 So.2d 798 (Fla. 1984); State v. Baker, 452 So.2d 927 (Fla. 1984); State v. Gibson, 452 So.2d 553 (Fla. 1984).
The wisdom of using only the statutory elements to determine whether offenses are separate or lesser included can be seen by examining the contradictions which occur when the accusatory pleadings and proof at trial are also used. Permissive lesser included offenses were established by Brown v. State, 206 So.2d 377, 383 (Fla. 1968), as category four offenses. They were incorporated into our schedule of lesser included offenses as category two offenses when we promulgated the 1981 edition of Florida Standard Jury Instructions in Criminal Cases.[1] Unlike necessarily lesser included offenses, the statutory elements of permissive lesser included offenses are not subsumed within the statutory elements of charged greater offenses; if they are subsumed, the offenses are necessarily included, not permissively included. Brown. Thus, by definition, they are separate offenses from those charged and are subject to separate convictions and separate sentences. § 775.021(4), Fla. Stat. In my special opinion concurring in result only to Green v. State, 475 So.2d 235, 237 (Fla. 1985), I pointed out that the 1981 schedule of lesser included offenses had been statutorily invalidated by section 775.021(4), as amended by chapter 83-156, Laws of Florida, and that we should direct that category two offenses be deleted from the schedule of lesser included offenses.[2] I propose now to show that the category of permissive lesser included offenses is also constitutionally invalid.
There are three constitutional imperatives which govern jury instructions on criminal offenses. The first is that it is the legislature, not the courts, which establishes and defines offenses and their relationship to each other. The legislature does so by defining the statutory elements of each criminal offense. The statutory elements of any two offenses determine whether one of the offenses is either a separate or a lesser included offense of the other. The legislature has unequivocally decreed that each separate criminal offense will be subject to separate convictions and separate sentences. Moreover, the legislature has specifically prescribed the method of determining whether any two criminal offenses are separate:
[O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

§ 775.021(4) (emphasis supplied).
There are only two mutually exclusive categories into which any two given offenses may be placed under section 775.021(4). The offenses are either separate in that each has at least one statutory element unique to itself or one is a lesser included offense in that its statutory elements are subsumed within the statutory elements of the greater offense, i.e., they are the same offense for purposes of *264 charging, and separate convictions or sentences are not permitted. The permissive lesser included offenses in our schedule of lesser included offenses are constitutionally invalid because, contrary to section 775.021(4), they usurp legislative prerogative by treating statutorily separate offenses as lesser included offenses. The plenary power to define offenses and prescribe their punishment rests exclusively with the legislative branch. Whalen v. United States, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980), and cases cited therein; Bradley v. State, 79 Fla. 651, 84 So. 677 (1920); Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975). It is not the prerogative of the courts, based on the accusatory pleadings or the proof adduced at trial, to instruct juries that they may treat statutorily defined separate offenses as lesser included offenses. Thus, the entire concept of permissive lesser included offenses is a violation of the separation of powers doctrine, article II, section 3 of the Florida Constitution.[3]
The second constitutional imperative governing jury instructions on lesser included offenses is the due process requirement that before the trial begins the defendant be placed on notice of the specific charges upon which he can be convicted. It is constitutionally permissible to convict a defendant of a necessarily lesser included offense because the statutory elements of the necessarily lesser included offense are subsumed within the statutory elements of the charged (greater) offense and the defendant is thus notified before the trial begins that he stands in jeopardy of being convicted of the lesser offense. However, because permissive lesser included offenses are not necessarily included in the charged offense, the defendant does not receive notice of jeopardy until after the evidence is presented and the court gives the jury its final instructions. Contrary to the usual rule that jeopardy attaches when the jury is sworn, jeopardy on permissive lesser included offenses does not attach until after the evidence has been introduced and the jury receives its final instructions just prior to deliberations. Thus, the defendant has no opportunity to prepare and offer defenses aimed specifically at the new and separate charges flowing from the evidence. The United States Supreme Court has stated:
No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. In re Oliver, 333 U.S. 257, 68 S.Ct. 499, [92 L.Ed. 682 (1948)] and cases there cited... . It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made. De Jonge v. State of Oregon, 299 U.S. 353, 362, 57 S.Ct. 255, 259 82 L.Ed. 278 [(1937)].
Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948). We have similarly held, based on the Florida Constitution:
The constitution (Declaration of Rights, § 11), guarantees to every accused person ... the right to know "the nature and cause of the accusation against him," and it necessarily follows that the accused cannot be indicted for one offense and convicted and sentenced for another, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment.
*265 Penny v. State, 140 Fla. 155, 162, 191 So. 190, 193 (1939). Accord Ray v. State, 403 So.2d 956 (Fla. 1981). The concept of permissive lesser included offenses based on the narrative accusatory pleading and the proof adduced at trial directly violates the preceding pronouncements on the minimum requirements of due process.
The third constitutional imperative is that the state is entitled to select the criminal charges it will bring. Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).[4] The state exercises its prerogative by information or indictment which notifies the defendant of the specific statutes he is charged with violating. This charge includes the greater cited offense and all necessarily included offenses as defined by section 775.021(4). If the state wishes to charge the so-called permissive lesser included offenses as separate offenses, it is entitled to do so under section 775.021(4). It is not the prerogative of the courts to substitute their judgment for that of the prosecutor on what charges should be brought. Trial courts may properly dismiss charges for lack of evidence but may not institute separate charges. Id. at 502, 104 S.Ct. at 2542. This right of the state to select the charges to be brought is the reciprocal of the defendant's right to insist that the jury not be instructed on uncharged offenses.
We recently addressed this issue in the context of Florida's death penalty statute. In State v. Bloom, 497 So.2d 2, 3 (Fla. 1986), the trial judge ruled prior to trial that the state could not seek the death penalty on a particular first-degree murder charge. We granted the state's petition for a writ of prohibition:
A writ of prohibition is the appropriate remedy when a trial court attempts to interfere with the prosecutorial discretion of a state attorney. See Cleveland v. State, 417 So.2d 653 (Fla. 1982). Under Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute. Art. II, § 3, Fla. Const.; Cleveland; State v. Cain, 381 So.2d 1361 (Fla. 1980); Johnson v. State, 314 So.2d 573 (Fla. 1975). In State v. Jogan, 388 So.2d 322 (Fla. 3d DCA 1980), the Third District Court reversed a trial court's dismissal of an information against a defendant conditioned on his military enlistment. The district court held that the pre-trial decision to prosecute or nol-pros is a responsibility vested solely in the state attorney. While recognizing a court's latitude and discretion during post-trial disposition, Jogan reiterated the state has absolute discretion at pre-trial. In considering similar circumstances, federal courts have held:
[T]he decision of whether or not to prosecute in any given instance must be left to the discretion of the prosecutor. This discretion has been curbed by the judiciary only in those instances where impermissible motives may be attributed to the prosecution, such as bad faith, race, religion, or a desire to prevent the exercise of the defendant's constitutional rights.

United States v. Smith, 523 F.2d 771, 782 (5th Cir. 1975), cert. denied, 429 U.S. 817, 97 S.Ct. 59, 50 L.Ed.2d 76 (1976) (citations omitted). We apply these principles and hold that article II, section 3 of the Florida Constitution prohibits the judiciary from interfering with this kind of discretionary executive function of a prosecutor.

Id. (emphasis supplied). Accord State v. Donner, 500 So.2d 532 (Fla. 1987).
Aside from the constitutional infirmities of permissive lesser included offenses, they also suffer conceptually. The basic flaw is *266 that they transform or expand a guilt trial before a petit jury into an impromptu grand jury or probable cause proceeding with additional charges being formulated after the accused has prepared his defense to the original charges. The function or raison d'etre of a trial jury is to determine if the charges brought to it are proven by the evidence. The concept of permissive lesser included offenses turns this orderly procedure on its head and is a notably inefficient method of joining and crystallizing the issues for the jury. The jury should know before the evidence is presented the specific statutory offenses, including the lesser included offenses, on which it will deliberate. The narrative pleading in the information or indictment should be limited to the alleged actions of the defendant which violate the specific statutory elements of the charged offense(s). A conscientious jury attempting to absorb largely oral evidence based on its relevance to announced charges can only be confused and frustrated, after it receives the final jury instructions, to discover it must now attempt to recall evidence for relevance to new charges which are different from those instructed on at the beginning of the trial.
The confusion surrounding permissive lesser included offenses is illustrated by our inclusion of "attempts" as a permissive lesser included offense and the contradiction between subsections (a) and (b) of Florida Rule of Criminal Procedure 3.510. An attempt consists of one or more but not all of the statutory elements of a completed offense. Thus, by definition, all attempts are a necessarily included, not permissively included, lesser offense of the completed offense. §§ 775.021(4) and 777.04, Fla. Stat. (1985). Rule 3.510(a) recognizes this relationship by stating that attempts, which by definition are necessarily included within the completed offense, will not be instructed on if "the only evidence proves a completed offense." This common sense rule that a jury should not be instructed on a lesser included offense on which it could not rationally return a verdict is immediately contradicted by rule 3.510(b) which, as interpreted by this Court in State v. Wimberly, 498 So.2d 929 (Fla. 1986), requires that the jury be instructed on all necessarily included offenses, regardless of the evidence. Contra, Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982); Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895).
The illogical results that flow from Brown and its progeny are illustrated by Pendleton v. State, 493 So.2d 1111 (Fla. 1st DCA 1986). In Pendleton, the victim died of two gunshot wounds to the head from his own gun. The defendant stole the victim's vehicle and fled to California where he pawned the weapon and attempted to sell the victim's vehicle. The defendant took the stand and admitted killing the victim but pleaded self-defense. Thus, there was only one legitimate issue for the jury  self-defense. Nevertheless, despite the uncontroverted presence of the victim's corpse and the defendant's testimony that he killed the victim with gunshots to the head, the jury was irrationally, but correctly, instructed that it could return verdicts of guilty of the offense of aggravated battery and not guilty of murder, which it did. Thus, according to this Court's approved jury instructions, the victim was legally not murdered even though he died from an aggravated battery of two gunshots to the head administered by the defendant.[5] I *267 appreciate that the majority may attribute this verdict to a jury pardon.
As my dissent to Wimberly suggests, I can find no constitutional basis for the so-called jury pardon as applied by this Court. The constitutional right is to a jury trial, not a jury pardon. We have transformed the right to a jury trial into the right to receive irrational instructions. A jury which returns any verdict consistent with the instructions given to it by the trial court has not "pardoned" the defendant or violated its oath. From a constitutional viewpoint, there is not, and can never be, a jury pardon. The so-called jury pardon on which the Court here and in Wimberly bottoms its decisions is a red herring. The true issue is the responsibility of the courts to give juries instructions that make legal sense, and that, if followed, will result in a fair trial in which the defendant's due process rights are observed.
It is the responsibility of the courts to provide juries with rational instructions based on the law and the evidence and that responsibility cannot be avoided by attributing illogical and nonsensical verdicts to so-called jury pardons. This responsibility to instruct the jury that it cannot return a verdict on a lesser included offense does not infringe on the right to a jury trial. See Sparf v. United States, 156 U.S. 51, 103, 15 S.Ct. 273, 293, 39 L.Ed. 343 (1895):
To instruct the jury in a criminal case that the defendant cannot properly be convicted of a crime less than that charged, or to refuse to instruct them in respect to the lesser offenses that might, under some circumstances, be included in the one so charged  there being no evidence whatever upon which any verdict could be properly returned except one of guilty or one of not guilty of the particular offense charged  is not error; for the instructing or refusing to instruct, under the circumstances named, rests upon legal principles or presumptions which it is the province of the court to declare for the guidance of the jury. In the case supposed the court is as clearly in the exercise of its legitimate functions, as it is when ruling that particular evidence offered is not competent, or that evidence once admitted shall be stricken out and not be considered by the jury, or when it withdraws from the jury all proof of confessions by the accused upon the ground that such confessions, not having been made freely and voluntarily, are inadmissible under the law as evidence against the accused.
Id. See, also, the cases cited and discussed in my dissent to Wimberly.
In Wimberly we recognized the possibility that our rules and jury instructions on lesser included offenses might be faulty and in need of a rule change:
If there is to be a change in the intent and purpose of the rules concerning lesser included offenses, then it should be accomplished by a rule change, not by an interpretation of this Court.
Id., 498 So.2d at 932. The schedule of permissive lesser included offenses promulgated by this Court violates the plenary power of the legislative branch to define criminal offenses and to prescribe their punishment, the due process right of defendants to be placed on notice before the trial begins of the charges they will be tried on, and the exclusive power of the executive branch to select what criminal charges are to be brought. I do not agree that we should reaffirm our instructions on lesser included offenses when they are, in my opinion, demonstrably unconstitutional. We are dealing with an unconstitutional concept, not with a mere procedural flaw. I would immediately discontinue the use of permissively lesser included offenses and direct that the entire schedule of lesser included offenses (categories one and two) and rules 3.490 and 3.510(b) be brought into consonance with section 775.021(4).
NOTES
[*] Wimberly refers to these permissive lesser included offenses as "category 2" offenses. See 498 So.2d at 930-31.
[1] 431 So.2d 594 (Fla. 1981).
[2] See also Judge Cowart's dissent to Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), quashed in part by 456 So.2d 419 (Fla. 1984), which showed that whatever validity it once had, the category of permissive lesser included offenses was nullified by the enactment of § 775.021(4) repudiating the single transaction rule.
[3] The concept itself is an exercise in irrational bootstrapping. In Brown, we reasoned that because § 919.16, Fla. Stat. (1965), referred to necessarily included offenses, there must exist, symmetrically, some other type of lesser included offenses which we have labeled as "permissive." Unwittingly, we failed to realize that an offense which was not necessarily included in the charged offense, was nothing more than a separate offense under another label. The unfortunate effect of having two labels for the same category of offenses has permeated our case law on double jeopardy and lesser included offenses since Brown issued. See Judge Cowart's perceptive dissent to Baker v. State in 1982 which must be read in light of ch. 83-156, Laws of Fla. and Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
[4] In Johnson, the defendant was charged with murder, aggravated robbery, involuntary manslaughter, and grand theft. Over the state's objection, the trial judge accepted pleas of guilty to the latter two lesser offenses and not guilty to the first two higher offenses. The judge then dismissed the first two charges on double jeopardy grounds, which was affirmed by the Ohio Supreme Court. The United States Supreme Court held that there was no double jeopardy bar to the prosecution because the state is entitled to "one full and fair opportunity to convict those who have violated its laws." Johnson at 502, 104 S.Ct. at 2542.
[5] Petitioner's conviction for aggravated battery was affirmed on appeal on the hornbook principle that the jury was entitled, on the evidence, to reject his theory of self-defense. This is good law in the posture of the case but, unfortunately, it requires the legal legerdemain that the jury believed the theory of self-defense on the murder charge and disbelieved the same theory on the aggravated battery which caused the victim's death. In other words, the killing was justifiable but the shooting was not! See also Williams v. State, 488 So.2d 62, 64 (Fla. 1986) (Shaw, J., concurring in result only), for another recent example of the confusion and complexity which results from overloading the jury with unnecessary and immaterial instructions on lesser included offenses. In Williams, the defendant admitted the offense charged but the dispositive question of sanity was submerged into a sea of instructions on lesser included offenses.