523 So.2d 1268 (1988)
Bennie JESS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-1111.
District Court of Appeal of Florida, Fifth District.
April 28, 1988.
James B. Gibson, Public Defender and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
We reverse the judgment convicting appellant of introducing into or possessing cannabis upon the grounds of a correctional facility (section 944.47, Florida Statutes (1985)) and remand the case for a new trial on the authority of Wilcott v. State, 509 So.2d 261 (Fla. 1987). In Wilcott, the supreme court held that a prisoner-defendant was entitled to a jury instruction on the *1269 misdemeanor offense of simple possession of less than 20 grams of cannabis (section 893.13(1)(f), Florida Statutes) when charged with introducing into or possessing contraband in a state penal institution, notwithstanding that the only evidence of that possession occurred in prison. Such jury instruction was requested here but was not given. Because the evidence in this case indicates that less than 20 grams of cannabis was found, and because we are obligated to follow Wilcott, we hold that the jury should have been instructed on simple possession as a lesser offense, and that the failure of the trial court to so instruct the jury requires that we reverse the conviction and remand the case for a new trial. Wilcott. See also Moore v. State, 512 So.2d 1149 (Fla. 1st DCA 1987).
We feel constrained, however to urge the supreme court to reexamine its position with regard to permissive lesser included offenses and "jury pardons" and to adopt the views expressed in Justice Shaw's dissent in Wilcott, which we believe deserves support.
Originally the term "jury pardon" was an oblique and cynical reference to the fact that since the jury's secret heart and motive for a particular verdict was not subject to legal scrutiny, the jury had the bare power to disregard the evidence, disregard their own lack of reasonable doubt as to the defendant's guilt, disregard the law, and disregard their oath and find a guilty defendant not guilty and that, occasionally, the jury did this and thereby "pardoned" the defendant of his crime.[1] Unfortunately, the colorful name for this abuse of the jury system has been extended, dignified, elevated, and incorporated into the law as a respectable doctrine and good law has even been abandoned or distorted in order to legitimize the doctrine. The result, as in this case, certainly justifies public dissatisfaction: a criminal conviction based upon a jury verdict finding guilt beyond every reasonable doubt is, on appeal, set aside based on the dubious presumption that the jury found the defendant guilty as charged not because he was guilty and proven so beyond a reasonable doubt, but because the jury was not given the opportunity to find him guilty of some other crime of lesser degree or punishment!
In the interest of justice and the law, the Florida Supreme Court should turn its face from the pernicious notion that a criminal defendant has some kind of right to have the jury given a verdict alternative so that it can compromise its oath and return a verdict of guilt as to some lesser included offense. A defendant has no right to be charged or tried as to any particular crime  the right to charge or not charge a defendant with a particular crime (the charging discretion) belongs to the State's attorney.
Florida Rule of Criminal Procedure 3.510 provides in part that "[t]he judge shall not instruct on any lesser included offense as to which there is no evidence." In this case, the defendant was charged, and proven, to have introduced or possessed contraband (cannabis) upon the grounds of the Tomoka Correctional Institution. There is absolutely no evidence that Tomoka Correctional Institution was not a state correctional institution within the meaning of section 944.47, Florida Statutes, or that at the time and place alleged, the defendant possessed or introduced the cannabis at some place other than a correctional institution. If bad law as to jury pardons has evolved in criminal case law, and it has, and the courts are now helpless to make the needed reform, then it is time for the legislature to address and correct the miscarriage of justice that now regularly results from the misguided idea of the jury's "right" to "pardon" a criminal and the defendant's "right" to have the jury "pardon" him. This is no part of the jury trial guaranteed by the Constitution.
REVERSED and REMANDED.
ORFINGER, COWART and DANIEL, JJ., concur.
NOTES
[1] In bygone years, this was most frequently done when the jury applied the "unwritten law" and "pardoned" a cuckolded husband who, in hot or cold blood, killed his wife's paramour.