537 So.2d 194 (1989)
Paul HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-978.
District Court of Appeal of Florida, Second District.
January 20, 1989.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Hamilton has appealed from the sentences imposed upon him following convictions on two counts of armed robbery. We reverse and vacate the sentences.
Our review of the record fails to disclose a guidelines scoresheet. Although there is some indication in the record that the trial court may have had a scoresheet before it at the time of sentencing, indicating a presumptive range, we have held in similar circumstances that the failure to prepare a scoresheet and incorporate it in the record is error, albeit harmless. See Williams v. State, 529 So.2d 366 (Fla. 2d DCA 1988), Davis v. State, 461 So.2d 1361 (Fla. 2d DCA), rev. denied, 471 So.2d 43 (Fla. 1985). The more serious deficiency we find, however, is the trial court's failure to file contemporaneous written reasons supporting departure. The supreme court has *195 deemed this omission reversible error in State v. Oden, 478 So.2d 51 (Fla. 1985).
Finally, the enunciated reasons for departure are invalid. The trial court enhanced Hamilton's robbery sentence because it involved two victims. The fact of two victims, however, gave rise to convictions on two separate counts. Thus, each of the crimes was included in the scoresheet computation. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The defect in the second departure reason  that Hamilton intended to use the robbery proceeds to foster illegal drug purchases  is so closely akin to a departure based upon a crime for which a conviction has not been obtained that it cannot survive our review. See State v. Tyner, 506 So.2d 405 (Fla. 1987).
Thus, on remand, the trial court is directed to sentence Hamilton within the guidelines, Shull v. Dugger, 515 So.2d 748 (Fla. 1987), and with the benefit of a scoresheet to be filed in the record.
Reversed and remanded for resentencing within the recommended guidelines range.
DANAHY, A.C.J., and HALL, J., concur.