564 So.2d 161 (1990)
James Julian HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 87-00045.
District Court of Appeal of Florida, Second District.
June 20, 1990.
Rehearing Denied July 30, 1990.
*162 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The state charged the defendant with attempted first-degree felony murder and two counts of armed robbery. He was convicted of attempted first-degree felony murder, armed robbery, and unarmed robbery. He appeals his judgments and sentences. We have carefully examined the five points he raises on appeal and find merit in three of them. Based on our rejection of the other two points, we affirm the defendant's convictions for armed robbery and unarmed robbery. Because of errors made during sentencing, however, we vacate his sentences on those counts and remand for resentencing. Also, due to the omission of key language in the instructions read to the jury, we reverse the defendant's conviction for attempted first-degree felony murder and remand for a new trial on that charge.
*163 On February 18, 1986, the defendant and his codefendant, Paul Hamilton, entered a Tampa meat market owned and operated by Roland and Yidalia Longual. After waiting for other customers to leave, the defendant pulled out a gun and ordered Mr. Longual to lie down. The defendant made racial slurs and threats against him and took his wallet. When Mr. Longual tried to stand up, the defendant hit him with the gun. Meanwhile, the codefendant forced Mrs. Longual to open the cash register. When she questioned him, he hit her and took two gold chains and $800-900 in cash. A customer then walked into the shop and the defendant shot him, leaving him paralyzed. The defendant and codefendant fled.
At trial, the Longuals readily identified the robbers. The codefendant did not testify, but his confession, along with that of the defendant, was entered into evidence. The defendant took the stand and testified that he did not intend to shoot the injured customer, but became scared and accidentally fired.
On appeal, the defendant argues that his conviction for attempted first-degree felony murder was improper because the jury instructions on attempt and manslaughter were flawed in that the trial court did not give a complete manslaughter instruction. He contends that his conviction must, therefore, be reversed because attempted manslaughter is only one step removed from the attempted first-degree felony murder of which he was convicted. We agree.
We recognize that the defendant did not object to this omission. Nevertheless, it is reviewable because a proper jury instruction in a criminal case is a fundamental right, the denial of which can be appealed without objection. Rojas v. State, 552 So.2d 914, 915 (Fla. 1989); Armstrong v. State, 15 F.L.W. D653 (Fla. 5th DCA Mar. 8, 1990).
Ordinarily the trial court must instruct the jury on all necessarily included lesser offenses. Failure to so instruct on the next immediate lesser-included offense of the crime charged is reversible error because it has the effect of removing from the jury an opportunity to exercise its inherent pardon power. State v. Abreau, 363 So.2d 1063 (Fla. 1978); Miller v. State, 549 So.2d 1106, 1110 (Fla. 2d DCA 1989). As noted, the defendant was charged with attempted first-degree felony murder. Therefore, the trial judge should have instructed the jury that the lessers of that offense are attempted second-degree murder and attempted manslaughter.[1] Since no instruction was given on attempted second-degree murder, attempted manslaughter became the offense one step removed from the charge of attempted first-degree felony murder.
Although the trial judge apparently did not intend to instruct the jury on second-degree murder, he did intend to recite a complete manslaughter instruction. The record, however, undeniably shows that the instruction given was flawed because the judge did not recite the definitions of justifiable and excusable homicide. Rojas; Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986). Complete definitions are essential when instructing on manslaughter because it is a residual offense. Thus it must be made clear that justifiable and excusable homicide are excluded. Hedges v. State, 172 So.2d 824 (Fla. 1965).
Our decisions mandate that we reject the state's argument that the trial court's omission was harmless error. See, e.g., Spaziano v. State, 522 So.2d 525 (Fla. 2d DCA 1988); Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983). The state argues that since the defendant was charged with attempted first-degree felony murder, as opposed to attempted premeditated murder, neither of the manslaughter exemptions could possibly apply. The defendant shot the victim during an armed robbery. *164 The justifiable rationale (killing necessarily occurring while resisting a murder or felony attempt) could not apply. Further, the excusable homicide theory (killing accidentally occurring while defendant was acting legally with ordinary caution and without unlawful intent) could not apply. Finally, the state posits that even if the jury accepted the defendant's claim that the gun discharged accidentally, he would still be guilty of attempted felony murder, not attempted manslaughter, because he is responsible for the shooting, whether or not it was accidental. See Adams v. State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977).
Based on this analysis, the instant case could be distinguished from Spaziano, Blitch, and Tobey v. State, 533 So.2d 1198 (Fla. 2d DCA 1988), where excusable and justifiable homicide instructions were necessary because the defendants, charged with first-degree murder, presented evidence of self-defense or accident while acting lawfully. This case, on the other hand, concerns the hitherto unaddressed circumstance where a defendant is charged with a felony murder offense, which is far removed from the usual analysis of premeditated murder.
While there is obvious appeal to the state's argument, there are difficulties with it. It clearly violates the rule that a jury must be instructed on all necessarily included offenses, regardless of the evidence. State v. Wimberly, 498 So.2d 929 (Fla. 1986) (conviction for battery of a law enforcement officer reversed because trial court failed to instruct on necessarily included offense of simple battery even though there was no question of the victim's identity or that defendant knew he was a police officer). In ignoring the general rule, the state's analysis fails to recognize that the trial court's incomplete instruction deprived the jury of its "jury pardon" capability. "The requirement that a trial judge must give a requested instruction on a necessarily lesser included offense is bottomed upon a recognition of the jury's right to exercise its `pardon power.'" Wimberly at 932.
Through the years, the concept of jury pardon has been expanded and various avenues constructed to implement this nonconstitutional power of the jury to find the accused guilty of an offense lesser in severity of punishment than that charged. State v. Baker, 456 So.2d 419, 420 (Fla. 1984). The analysis approved by the supreme court seems to be a technical application of the rule, with an acknowledging bow to the doctrine of jury pardon. See Marshall v. State, 529 So.2d 797 (Fla. 3d DCA 1988) (attempted second-degree murder conviction reversed because of failure to instruct on attempted manslaughter where defendant was charged with attempted first-degree murder).
Some voices have challenged the wisdom of the jury pardon doctrine. On various occasions, Justice Shaw has expressed his disapproval of what appears to him to be a wooden application of the rule. He has said that such an analysis "sacrifices the truth-finding process on the altar of the `jury pardon'" and has nothing to do with the true "jury pardon," the jury's power to refuse to enforce an unpopular law by returning a not guilty verdict in disregard of the law and evidence. Wimberly at 932 (Shaw, J., dissenting). See Wilcott v. State, 509 So.2d 261, 267 (Fla. 1987) (Shaw, J., dissenting).
The fifth district has recognized this dilemma. Jess v. State, 523 So.2d 1268, 1269 (Fla. 5th DCA 1988). While feeling compelled to reverse a judgment on the authority of Wilcott, it eloquently urged the supreme court to reexamine its position with regard to lesser included offenses and jury pardons and to adopt the views expressed in Justice Shaw's dissent in Wilcott.
The instant case illustrates the unjust results that can result from a strict application of the doctrine of jury pardon. While the trial court's failure to instruct completely on attempted manslaughter is surely a technical error, it seems harmless since a jury could not reasonably return an attempted manslaughter conviction in light of the particular facts of this case. The supreme court has made an exception in homicide courts that allows courts to treat *165 the "technically required instructions on lesser included offenses differently... ." For example, in State v. Barritt, 531 So.2d 338, 339 (Fla. 1988) (Shaw, J., concurring), the defendant was charged with vehicular homicide. The court said that an instruction on reckless driving need not be given where it is undisputed that a death has occurred. However, since the instant case does not involve a homicide, but an attempted felony-murder, it cannot fit into the supreme court's narrow exception.
Furthermore, even when the supreme court does not specifically address the issue of jury pardon, it is suspect of harmless error analysis in this area. See Rojas (omission of justifiable or excusable homicide in definition of manslaughter not harmless error even though judge defined them at the beginning of homicide instruction). See also Stockton v. State, 544 So.2d 1006 (Fla. 1989) (rejecting state's contention that refusal to include justifiable and excusable homicide in reinstruction on manslaughter was harmless because the jury requested only reinstruction on difference between second and third-degree murder and thus already had determined the homicide was unlawful). For the reasons stated, therefore, we reverse the defendant's attempted first-degree murder conviction and remand for a new trial.
Next we discuss the defendant's two meritorious contentions regarding errors in his sentencing. First, we agree with the defendant that the trial court erred in scoring slight victim injury. This scoring was improper, however, not because of any alleged insufficiency of evidence of injury, as the defendant suggests, but because on February 18, 1986, when the instant offenses occurred, scoring victim injury for robbery or armed robbery was improper. Hansbrough v. State, 509 So.2d 1081 (Fla. 1987).
Second, the defendant correctly argues that the trial court erred in waiting two months to file written reasons for departure. Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989). Furthermore, he contends that the reasons were all invalid. The reasons given were the involvement of multiple victims, the defendant's motive for the crimes being to enable him to commit other felonies (drug crimes), and his status as an ongoing danger to society. These are invalid. Hamilton v. State, 537 So.2d 194 (Fla. 2d DCA 1989) (first two reasons offered in the instant case were found invalid in codefendant's appeal). See Keys v. State, 500 So.2d 134 (Fla. 1986) (danger to community not valid departure reason).
In summary, we reverse the defendant's attempted felony murder conviction and remand for a new trial. We affirm the defendant's convictions of armed robbery and unarmed robbery, but vacate the sentences for those crimes. We remand and direct that the defendant be resentenced on the armed and unarmed robbery convictions within the recommended guidelines range, after the preparation of a new scoresheet. Pope v. State, 561 So.2d 554 (Fla. 1990).
CAMPBELL, C.J., and PARKER, J., concur.
NOTES
[1] The court correctly did not instruct on attempted second-degree felony murder because the defendant was the person who pulled the trigger. See State v. Dene, 533 So.2d 265, 270 (Fla. 1988) ("second-degree felony murder ... requires that the killing be done by a non-principal").