PATTERSON, Judge.
The appellant challenges his judgment and sentence for possession of contraband in a state facility. We reverse the judgment and sentence and remand for retrial because the trial court did not give a jury instruction on the permissive lesser included offense of possession of less than twenty grams of marijuana.
In Wilcott v. State, 509 So.2d 261 (Fla.1987), the Florida Supreme Court reversed the defendant’s conviction for introducing or possessing contraband upon the grounds of a state correctional institution. Like the present case, defense counsel in Wilcott requested a jury instruction on possession of less than twenty grams of marijuana, which the trial court denied. The supreme court held that “permissive lesser included offenses must be instructed upon when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged.” Wilcott, 509 So.2d at 262 (footnote omitted). Here, the pleadings and evidence show that the elements of possession of less than twenty grams of marijuana are included in the offense charged. The fact that the evidence showed that the possession took *794 place in the state facility does not change that result.
The marijuana was excluded from evidence due to a chain of custody objection. Contrary to the state’s argument, the jury had sufficient evidence to reasonably conclude that the marijuana weighed less than twenty grams. Inmate Lamoureux testified that he gave inmate Waters approximately five grams of marijuana in an envelope. Other testimony showed that inmate Waters gave the envelope to the appellant. The testimony of corrections officers shows that the appellant had the white envelope crumpled up in his hand while an officer searched him. Thus, the evidence suggests that the amount of marijuana was well under twenty grams.
The failure to instruct on possession of less than twenty grams of marijuana was reversible error, because that offense was the “next-lower lesser included offense” of the crime for which the appellant was convicted. Wilcott, 509 So.2d at 262. Thus, we reverse the judgment and sentence and remand the case for a new trial.
Although it does not affect the disposition of this appeal, we point out that the appellant contends that his mandatory consecutive sentence, pursuant to section 944.48, Florida Statutes (1987), is impermissible. The appellant argues that the legislature cannot rob the trial judge of all discretion in deciding whether to impose a consecutive or concurrent sentence. Should this issue arise again on remand, we note that mandatory consecutive sentencing has been held proper under the escape statute, section 944.40, Florida Statutes (1983). See Rease v. State, 488 So.2d 925 (Fla. 1st DCA 1986); Farrow v. State, 464 So.2d 689 (Fla. 5th DCA 1985). Likewise, mandatory consecutive sentencing is proper under section 944.48, Florida Statutes (1987).
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL, J., concur.