629 So.2d 231 (1993)
Robinson CRUMP, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2712.
District Court of Appeal of Florida, Fifth District.
December 10, 1993.
Rehearing Denied January 5, 1994.
*232 Lynn Alan Thompson, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca Roark Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Robinson Crump appeals his judgment and sentence adjudicating him guilty of attempted robbery with a firearm pursuant to Section 812.13, Florida Statutes (1991). We affirm his conviction and sentence.
Crump along with codefendant Darryl Embry entered the lobby of a Ramada Inn motel. Behind the counter was Alice Swope, the night auditor. Swope referred to the two men as the taller one and the shorter one. Swope identified Crump as the shorter one. Both men, she said, were armed with firearms. She testified that Crump had a small "silver gun, something a lady would carry in her purse" and that it looked like a real gun capable of firing a bullet. The taller one, Embry, jumped the counter and went to another room. Crump told Swope to keep quiet and not say a thing. He then asked her where the money was kept. She pointed to where the money was because she was afraid and wanted to do exactly as ordered by Crump.
Unknown to the two men, an off duty Orlando Police Officer, Shawn Fawbush, was working on the premises as a security guard. He was in his police uniform and he was carrying his service weapon. Once he became aware of the attempted robbery, he told Swope to get down and stay down and he attempted to apprehend the two men. Swope heard Embry call to Crump to "shoot him," referring to Fawbush. Fawbush apprehended Embry after firing four rounds from his service weapon. Crump fled the building and was apprehended later in another county. The weapon Crump carried was never recovered.
Embry identified Crump as his codefendant and testified at trial that both of them were armed and that the guns came from Crump. Embry said that Crump had given him a black gun shortly before they entered the Ramada Inn. Embry saw Crump with a small silver automatic. Embry said both guns appeared to be capable of firing a bullet and they had not been altered to prevent firing a bullet. The jury found Crump guilty of attempted armed robbery with a firearm.
Crump raises three points on appeal: first, although the judge defined "firearm," the judge failed to define "deadly weapon" and "weapon" during his initial instructions to the jury; second, the state did not prove that Crump had a firearm during the attempted robbery; and, third, Crump's sentence was improperly enhanced based solely on the fact that his codefendant had a weapon.
During the charge conference, Crump's trial counsel and the state debated the offenses to be given as lesser included offenses. After discussing which lesser included offenses were mandatory and which were permissive, it was agreed by the lawyers that the court would give instructions on attempted robbery with a deadly weapon, attempted robbery with a weapon and attempted robbery. The trial judge agreed to *233 do this. During the initial instructions to the jury the judge defined "firearm," but did not define "deadly weapon" and "weapon." During deliberations the jury came back with a request:
We need instructions on the difference between firearm, deadly weapon, and weapon.
The trial judge read the instruction defining "firearm" twice at the request of the jury and defined "deadly weapon" and "weapon" once for the jury. Crump was then sentenced to three years in the Department of Corrections with the requirement that he serve a minimum mandatory sentence of three years pursuant to Section 775.087(2), Florida Statutes (1991) because he used a firearm.
Crump argues on appeal that this case must be reversed because the trial judge erred when he did not initially define "deadly weapon" and "weapon." Crump argues that there was fundamental error committed by the trial judge and the only cure is to reverse and remand his case for a new trial. He argues that the failure to define the terms requires reversal because there was not a proper instruction on lesser included offenses. He also argues that a proper objection need not be raised in the trial court because a failure to properly instruct is fundamental error. See Brown v. State, 206 So.2d 377 (Fla. 1968); Thompson v. State, 487 So.2d 311 (Fla. 5th DCA), review denied, State v. Coleman, 494 So.2d 1153 (Fla. 1986); Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990). Crump cites the correct law, but it does not apply in this case. There was a proper instruction to the jury on the definition of the terms necessary to understand the lesser included offenses.
During the trial the defense attorney raised no objection to the trial judge not defining the terms that are the subject of this appeal. Had there been a proper objection, the trial judge could have cured the problem by reinstructing the jury. Instead, the jury was reinstructed at the jury's request. The experienced trial judge gave the precise definitions sought after the jury came back for clarification. There is no doubt that the terms were defined to the jury as often as they requested: "firearm" twice and "deadly weapon" and "weapon" once each. The trial judge asked the jury if they wanted the last two definitions read again. None of the jurors requested that the definitions be reread. The trial judge then asked the defense attorney if there was anything else and he said no. The jury heard all of the definitions needed to decide the case.
This case is not one where the appellate court is required to determine if the proper complete reference to lesser included offenses was given. Rojas v. State, 552 So.2d 914 (Fla. 1989). Nor is this a case where the appellate court is required to determine if all of the possible lesser included offenses were given. Wilcott v. State, 509 So.2d 261 (Fla. 1987). Simply put, this court is asked to determine whether there was error because the court gave all of the lesser included offenses instructions requested and defined all of the terms necessary to understand the lesser included offenses, but did not read them during the initial instructions to the jury. This court holds that there was no error because the jury was given the instructions before it reached a verdict. If there was any error, it was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Taking Crump's argument to its extreme, a judge would have to read jury instructions perfectly the first time attempted and could never reinstruct the jury if an error was discovered and corrected with additional or clarifying instructions.
The second and third points on appeal are intertwined and so will be treated together. Crump argues that because the instrument he was carrying was not recovered and because it was not discharged during the robbery, he cannot be convicted of attempted robbery with a firearm because there was no direct or circumstantial proof to show it was a firearm. The state presented sufficient direct evidence to prove the instrument was a gun; the state presented two eye witnesses. The state presented the testimony of the victim, Swope, that Crump had a "silver gun." This is legally sufficient to conclude that the instrument was a gun. See Franklin v. State, 476 So.2d 1346 (Fla. 1st DCA 1985). The state also presented codefendant Embry's testimony that the instrument *234 Crump carried was a small "silver automatic" gun. See Mitchell v. State, 493 So.2d 1058 (Fla. 1st DCA 1986). Each testified that the gun appeared capable of firing a bullet. The state presented objective evidence to establish that the instrument was a gun. This evidence alone is legally sufficient to conclude that Crump possessed a firearm during the attempted robbery. See O'Brien v. State, 546 So.2d 32 (Fla. 3d DCA 1989) (evidence was legally sufficient to show the defendant had a gun where he lifted his shirt to reveal the handle of a gun protruding from his waistband).
There is also the circumstantial evidence that Embry called to Crump to shoot Fawbush after Fawbush shot at him. See T.T. v. State, 459 So.2d 471 (Fla. 1st DCA 1984). Both direct and circumstantial evidence show Crump carried a gun. This case is to be distinguished from a case where the defendant engages in puffery; where the defendant says he has a gun and no one ever sees the gun. Ryder v. State, 464 So.2d 1324 (Fla. 5th DCA 1985). In this case, the gun was openly and notoriously used.
There was legally sufficient evidence for the jury to determine and conclude that Crump was carrying a gun at the time of the attempted robbery and therefore, to convict Crump as charged. Since he was convicted as charged, the trial judge had no alternative but to sentence him to the minimum mandatory sentence pursuant to section 775.087(2), Florida Statutes (1991). See Kennedy v. State, 564 So.2d 1127 (Fla. 1st DCA 1990). At the sentencing, when the state requested that Crump be sentenced to the three year minimum mandatory, the trial judge asked the defense attorney if he agreed that the defendant would have to be sentenced to three years in the Department of Corrections and the defense attorney said "[t]hat would be the case." The conviction and the sentence are affirmed.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.